# Henry T. Finch and Edward L. Finch, Partners as L. R. Finch's Sons v. Alexander County National Bank and Alexander County Savings Bank.

1. GARNISHMENT—*In Whose Name the Proceedings Should Run.*— Garnishment proceedings should run in the name of the judgment debtor for the use of the judgment creditor as plaintiff, against the garnishee as defendant, and the question to be tried is whether or not the garnishee is indebted to the judgment debtor.

2. SAME—*In Attachment Proceedings.*—Where one is garnisheed in attachment proceedings, the suit is in the name of the defendant for the use of the plaintiff against the garnishee.

3. SAME—*Garnishee to be Protected.*—In every case the garnishee is to be protected so that he can not become a loser by reason of the institution of such a suit for the benefit of one to whom he owes nothing.

4. SAME—*Other Proceedings Pending in Bar.*—It does not follow that the judgment debtor is the sole plaintiff for all purposes, and that where the pendency of another proceeding in garnishment is pleaded in bar in determining whether or not the parties to the two proceedings are the same, the name of the judgment creditor may be wholly disregarded. There are marked differences between this proceeding and an ordinary action at law, so that the same rules are not necessarily applicable to both.

5. SAME—*Rights of Garnishee.*—The garnishee has the right to deduct from the property effects or credits in his hands all demands against the plaintiff and the defendant, that is, against the judgment creditor as well as the judgment debtor, of which he could have availed himself if he had not been summoned as garnishee, and is liable for the balance only after all mutual demands between himself and the plaintiff and the defendant are adjusted, not including, of course, unliquidated damages for wrongs and injuries.

6. SAME—*Nature of Proceedings.*—Garnishment is a statutory proceeding, and if the person summoned as garnishee is discharged, the judgment will be no bar to an action brought against him by the defendant (judgment debtor) for the same demand.

7. SAME—*Rules of Common Law Inapplicable.*—The requirements of the common law as to pleas in abatement, and the manner of disposing of them, have no application to proceedings in garnishment under the statute; so where another proceeding pending in another court is pleaded in abatement, such plea amounts to no more than a notice to the court

of the pendency of the other proceeding, and a request for a continuance or stay of it until the termination of the first suit.

8. SAME—*Replication to Plea of Another Suit Pending.*—Where a party to a proceeding in garnishment filed a plea stating the pendency of another garnishment proceeding against him in another court, and the other party replied that such proceeding in such court had been dismissed, it was held a good answer to the plea.

**Garnishment Proceedings.**—Appeal from the Circuit Court of Alexander County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded with directions. Opinion filed June 18, 1896.

LANSDEN & LEEK, attorneys for appellants.

GREEN & GILBERT, attorneys for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Henry T. Finch and Edward L. Finch, a firm doing business under the firm name and style of L. R. Finch's Sons, having a judgment for $13,904.50 against Charles Galigher, rendered in the Circuit Court of Alexander County, sued out of the said Circuit Court a writ of garnishment, on January 12, 1895, and caused the same to be served on appellees as garnishees. The writ was returnable on February 11, 1895. Interrogatories were duly filed.

On the return day of the writ appellees filed pleas, setting forth the pendency of another garnishment proceeding against them in the Circuit Court of the United States for the Southern District of Illinois, and praying for the quashing of the writ in this suit. The pleas show that the suit in the Federal Court was an attachment proceeding by Lucius R. Finch against the said Charles Galigher in which appellees had been summoned as garnishees before the commencement of the suit at bar, and that the said suit in the Federal Court was still pending when the pleas were filed.

On May 23d, appellants filed replications to these pleas, alleging that the suit in the Federal Court had been dismissed on May 15th, by the said Lucius R. Finch, at his costs.

The court below sustained demurrers to the replications, discharged the garnishees, and rendered judgment in their favor and against appellants for costs. Did the court err in thus disposing of the case?

The questions presented for decision have been ably and exhaustively argued, and many authorities have been cited in support of the conflicting position assumed by counsel, but after all the real points of contention are but two—first, whether the parties are the same in the two cases, and second, whether appellants have been forced into a *cul-de-sac* by the iron-clad rules of common-law pleading and are to be slain without mercy by a senseless technicality.

There is no doubt that a garnishment proceeding should run in the name of the judgment debtor for the use of the judgment creditor as plaintiff, against the garnishee as defendant, and that the question to be tried is whether or not the garnishee is indebted to the judgment debtor. Where one is garnished in an attachment proceeding, the suit is in the name of the defendant for the use of the plaintiff against the garnishee. In every case the garnishee is to be protected so that he may not become a loser by reason of the institution of such a suit for the benefit of one to whom he owes nothing. It is unnecessary to refer to the many cases which support these propositions.

But it does not follow that the judgment debtor is the sole plaintiff for all purposes, and that in determining whether or not the parties to the two suits are the same, the name of the judgment creditor is to be wholly disregarded. There are marked differences between this proceeding and an ordinary action at law, so that the same rules are not necessarily applicable to both.

This proceeding is begun generally against the will of the judgment debtor, who becomes the plaintiff nominally, but in feelings and desires and attorney's fees is frequently closely allied with the garnishee. Moreover, the garnishee has the right to deduct from the property, effects or credits in his hands all demands against the plaintiff and defendant, that is, against the judgment creditor as well as the judg-

ment debtor, of which he could have availed himself if he had not been summoned as garnishee, and is liable for the balance only·after all mutual demands between himself and the plaintiff and defendant are adjusted, not including unliquidated damages for wrongs and injuries. 1 Starr & Curtis' Ann. Stat., Chap. 62, Sec. 13. The court has also ample equitable powers to be exercised in the interest of all parties concerned in the litigation, as is apparent from the tenor of the whole of the garnishment act, and particularly from the language of the 24th section thereof.

It should be remembered in this connection that garnishment is a statutory proceeding. I. C. R. R. Co. v. Weaver, 54 Ill. 319; Bartell v. Bauman, 12 Bradw.· 450; Netter v. Chicago Board of Trade, Id. 607. Also that it is expressly provided that if the person summoned as garnishee shall be discharged, the judgment shall be no bar to an action brought against him by the defendant (judgment debtor) for the same demand. Can it be that the judgment debtor is the plaintiff for all purposes, and yet, when defeated on the merits, can sue the same person again for the same demand?

According to the contention of appellees, if A, having a judgment for $100 against B, should garnish C, who owes B $1,000, and afterward D, having a judgment for $500 against B, should garnish C on the same demand, the pendency of the first suit could be pleaded in abatement of the second suit, and the court would be compelled to quash the writ and to deny the benefit of the garnishment act to any but the party first invoking its aid. Such can not be the law. If it were, one indebted to many persons could have his debtor garnished by the smallest claimant and thus prevent garnishment by other creditors until the fund had been absorbed or diverted into other channels.

The proper practice in such cases is set forth briefly, pointedly and unambiguously in Brickey v. Davis, 9 Bradw. 362, in which it is held that the court should suspend final judgment or stay proceedings in the second case until after the termination of the first, inasmuch as the first suitor

might not succeed in holding the fund, and it should then be subjected to the second garnishor's claim.

Counsel for appellees admit that the rule announced in Brickey v. Davis, *supra*, was a proper rule in that case. They seek, however, to raise a distinction between that case and this by calling attention to the fact that in the Brickey case the garnishee answered and then set up the fact of the pendency of the prior suit, thereby waiving the right to plead in abatement, whereas in the present case pleas in abatement were filed in apt time, and the only question now before this court is whether or not the replications to those pleas are sufficient in law.

In garnishment proceedings no declaration is required to be filed even in a court of record. The interrogatories are filed and the garnishee files an answer under oath. Garnishment Act, Sec. 5. Then if it is alleged that the answer of the garnishee is not true, the court must proceed to try the cause without the formality of pleading Garnishment Act, Sec. 7. Goods and chattels may be specifically recovered and sold by the officer having the execution or attachment, a receiver may be appointed when necessary, choses in action may be collected, a money judgment may be rendered, and contumacious garnishees may be attached and punished for contempt. There is nothing in the garnishment act to support the theory that the technicalities of common law pleading can be invoked in garnishment proceedings for the accomplishment of an inequitable end.

The requirements of the common law as to pleas in abatement, and the manner of disposing of them, having no application here, the so-called pleas in abatement amount to no more than notice to the court of the pendency of the other cause, and a request for a continuance or stay of proceedings until the termination of the first suit. The replications show that the other cause has been dismissed and no longer stands in the way of the prosecution of the second action, and this is a good answer to pleas the effect of which is merely a stay of proceedings.

The judgment is reversed and the cause is remanded, with directions to the Circuit Court to overrule the demurrers to the replications and to stay proceedings until the first suit has been disposed of, or, if it has been in fact dismissed, to require the garnishees to answer, and then to proceed with the trial of the case in conformity with the requirements of the garnishment act.