Louis R. Scheetz, Appellant, v. Kerman R. Crabill, Appellee. Gladys Crabill and State Bank of La-Harpe, Garnishees Appellees.

Gen. No. 9,396.

May term, 1943.        Heard in this court at the Opinion filed February 29, 1944.

Samuel Naylor, of Carthage, for appellant.

Edward C. Mack and Homer H. Williams, both of Carthage, for appellee.

Mr. Justice Hayes delivered the opinion of the court.

On April 7, 1941, John F. Martens filed an affidavit for attachment in the circuit court of Hancock county against Kerman R. Crabill doing business as the Adrian Mill & Elevator Company, to recover the sum of $450.25. A writ of attachment was issued summoning the State Bank of Burnside as garnishee and was served on the Bank the same day. On that day, Crabill's account in the Bank which amounted to $2,516.50 was debited with two checks,—one for $693.53 and the other for $1,053.66. On the next day, four more checks

were debited, one of which was in the sum of $450.53 and was made payable to Martens. This check was apparently intended to satisfy Crabill's indebtedness to Martens. On April 28, 1941 Martens dismissed his suit.

In the meantime, on April 21, 1941, Louis R. Scheetz, plaintiff here, filed his affidavit for attachment in the same court against Crabill. The writ was issued and the State Bank of Burnside was again summoned as garnishee. The affidavit recited an indebtedness of $2,678 due Scheetz from Crabill. The Bank filed its answer to written interrogatories, to which answer Scheetz filed a traverse. On September 28, 1942 the Bank filed a motion for judgment. On December 12, 1942, judgment was rendered against Crabill by the circuit court for $2,678 and costs. On February 13, 1943 that court entered judgment against the Bank in favor of Crabill for the use of Scheetz for $61.45, the balance in Crabill's account on the date of the second writ of attachment. Scheetz has appealed to this court.

It is Scheetz' contention that the Bank after service of the attachment writ on it in the Martens case was under a duty to refuse to honor any charges against Crabill's account, that it even had no authority to pay over to Martens the amount of his indebtedness unless so ordered by the circuit court of Hancock county, and that because of the alleged improper payments made from Crabill's account, the Bank is liable to Scheetz for the amount of his judgment. In support of this contention, Scheetz cites section 21 of the Attachment Act. Ill. Rev. Stat. 1943, ch. 11, sec. 21 [Jones Ill. Stats. Ann. 109.055]. That section, after its amendment in 1935, provides as follows: "Persons summoned as garnishees shall thereafter hold any property, effects, choses in action or credits in their possession or power belonging to the defendant which are not exempt, subject to the court's order in such

proceeding, and shall not pay to the defendant any indebtedness owed to him subject to such order, and such property, effects, choses in action, credits and debts shall be considered to have been attached and the plaintiff's claim to have become a lien thereon pending such suit.''

Prior to its amendment in 1935, section 21 was construed to provide that a garnishment created a personal liability, only as against the garnishee in the event he parted with assets of the debtor in his hands. *McElwee v. Wilce,* 80 Ill. App. 338. It is clear that section 21 now provides that assets in the hands of a garnishee are subject to a lien in favor of the plaintiff in the attachment proceedings and that the garnishee shall hold such assets subject to court order. Had Martens not been paid, it is obvious that section 21 would have operated in his favor. The question here, however, is whether Scheetz can take advantage of the attachment writ in the Martens' case and complain of the Bank failure to hold Crabill's account intact until an order was entered in the Martens' case.

We have been informed in the briefs in this cause that section 21 as amended, is unique and that similar statutes do not exist in other States. Thus we are not aided by decisions in other jurisdictions. Nor does it appear that other courts of review in this State have passed upon this precise question. We believe, however, that the construction of section 21 urged by Scheetz is unsound. To adopt his theory, would, in effect force a garnishee to be a receiver of a debtor's assets in his hands, responsible to all of the debtor's creditors who might thereafter file attachments. The legislature has expressly provided in section 37 of the Attachment Act. Ill. Rev. Stat. 1943, ch. 11, sec. 37 [Jones Ill. Stats. Ann. 109.070], that under certain circumstances not present here, multiple attaching creditors may share in assets held by a garnishee by extending the protection of the first writ of attach-

ment to all subsequent attaching creditors who meet the requirements of that section. We do not believe that the legislature intended to provide that subsequent attachments should receive similar benefits under section 21. While it is true that had the Bank here obeyed the provisions of section 21, a fund would have existed which would have been available to liquidate at least part of Scheetz' indebtedness, we do not believe that he can take advantage of their failure to do so. Any protection that section 21 gives was intended for Martens in the present fact situation and only he could complain of the Bank violation thereof.

Scheetz also relies on *Buckingham v. Shoyer*, 86 Ill. App. 364. There, after service of a writ of attachment, an assignee of the debtor filed an interpleader claiming the funds in the hands of the garnishees as assignee of the debtor. After judgment but before the interpleader was disposed of, the garnishees paid the funds in their hands to the attaching creditors. On the interpleader, the assignee successfully established his claim and recovery against the garnishees was allowed. In that *Buckingham* case, however, only one attachment suit was involved and the garnishees paid over the funds in their hands after they had notice that a third party was asserting rights superior to the attaching creditor. Here, the Bank paid over sufficient funds to satisfy Martens' indebtedness and then honored checks on the balance of the account, and all of this was done prior to the service of the writ in the Scheetz case. This case is clearly not in point here.

The judgment of the circuit court of Hancock county is therefore affirmed.

*Judgment affirmed.*