(No. 35365.—

JOE HOBBS *et al.,* Appellants, *vs.* EARNEST E. PINNELL *et al.,* Appellees.

*Opinion filed November 18, 1959.*

PEDDERSON, MENZIMER & CONDE, and HAROLD STERN, both of Rockford, for appellants.

CRAIG & CRAIG, of Mt. Vernon, (GLENN E. MOORE, of counsel,) for appellee Sohio Petroleum Company, and CHARLES H. THOMPSON, and GEORGE B. LEE, both of Harrisburg, for other appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The basic purpose of this action in the circuit court of Saline County was to set aside certain quitclaim deeds and to quiet title to mineral rights in certain real property in that county. The sheriff's return of service and the uncontroverted affidavit of the attorney for one of the defendants show that Earnest E. Pinnell, one of the named defendants, had died before the action was filed. Record title to the property here involved apparently still stands in his name. His heirs or devisees were not made parties, but a decree was entered finding he shares ownership of the mineral rights in the property with some of the other defendants. There is no showing, however, of any conveyance of any part of his interest in the property to these defendants.

The assignees, representatives or heirs of Earnest E. Pinnell, were indispensable parties. (*Georgeoff* v. *Spencer,* 400 Ill. 300; *Texas Company* v. *Hollingsworth,* 375 Ill. 536; *Abernathie* v. *Rich,* 229 Ill. 412.) "Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision on the merits. The objection may be made by a party at the hearing or on appeal or error, and the court will upon its own motion take notice of the omission and require the omitted party to be made a party to the litigation even though no objection is made by any party litigant. *Knopf* v. *Chicago Real Estate Board,* 173 Ill. 196; *Abernathie* v. *Rich,* 229 id. 412;

*McMechan* v. *Yenter,* 301 id. 508; *Webster* v. *Jackson,* 304 id. 569; *Mortimore* v. *Bashore,* 317 id. 535." *Gaumer* v. *Snedeker,* 330 Ill. 511, 515.

The decree is reversed and the cause remanded.

*Reversed and remanded.*