B. J. Lind & Company, Plaintiff-Appellee, *v.* Harry J. Diacou, Defendant, and Violet Diacou, Respondent-Appellant.

(No. 55082;

First District—December 30, 1971.

*Rehearing denied January 25, 1972.*

Harry G. Fins, of Chicago, for appellant.

Ira Marcus, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This appeal arises from a supplementary proceeding brought pursuant to paragraph 73(1) of the Civil Practice Act, (Ill. Rev. Stat. 1969, ch. 110, par. 73(1)). Plaintiff-appellee, B. J. Lind & Company, an Illinois corporation (hereafter called creditor), commenced the proceeding by a citation to discover assets issued against appellant Violet Diacou (hereafter called respondent). The facts are not in dispute.

On February 13, 1968, creditor obtained a $7,250.50 judgment against Harry J. Diacou, respondent's husband (hereafter called debtor). In an earlier supplementary proceeding debtor made the claim that he had no assets with which to pay the judgment. Thereafter, in a further supplementary proceeding, creditor learned that the Central National Bank of Chicago, as trustee, had held title to a parcel of real estate situated at 2111 West Waveland Avenue, Chicago. From inception of the trust to May 16, 1966, debtor and respondent were beneficiaries, as joint tenants. Then, the beneficial interest was assigned to them as tenants in common. Finally, on May 31, 1968, Central National was directed to convey 2111 West Waveland to respondent as the sole owner. After obtaining this information, creditor, through the supplementary proceeding against respondent, obtained a citation requiring her to appear and be examined under oath. At the hearing, the evidence consisted of respondent's testimony and written documents.

Respondent testified that she was the owner of 2111 West Waveland, having purchased it from her brother. Among the documents offered in evidence by creditor was a deed, dated November 14, 1957, from respondent's brother and his wife conveying 2111 West Waveland to the Central National land trust. Respondent explained that the land trust had more than one parcel of real estate and that debtor's beneficial

interest in the subject real estate was a convenience. When asked, she said that the land trust was terminated in May 1968 and title to 2111 West Waveland conveyed to her because the property was hers. She explained the transaction by saying that contemporaneous with the conveyance she assumed the obligation of a $150,000 loan which had been made to debtor. On further inquiry, respondent testified that "in June of this year, of 1969," before creditor obtained the citation against her, she sold the real estate in question to her daughter-in-law, Carol Diacou. The sale price was $27,000. She was paid the money in two installments and she applied it to loans on which she and debtor were obligated. Respondent offered in evidence a copy of the deed she said was given to Carol Diacou. Creditor objected on the ground that the deed was unrecorded. The objection was sustained. Respondent then requested that the hearing be continued so that Carol Diacou could be given notice of the citation proceeding. The request was denied. Respondent offered in evidence documents which she claimed would have shown that creditor was holding stocks and other assets belonging to her and to debtor, property which she claimed was worth almost enough to satisfy creditor's judgment against debtor. Creditor objected and the court ruled that the proffered evidence was not admissible. The trial court then entered a judgment directing respondent to quit-claim one-half of the real estate at 2111 West Waveland to the sheriff of Cook County, to be sold, and after certain deductions, the proceeds applied to creditor's judgment against debtor.

Respondent appeals. She presents two issues. 1. Whether the trial court had authority to proceed to judgment without making Carol Diacou a party to the citation proceeding. 2. Whether the trial court erred in refusing to allow respondent the opportunity to prove that creditor was holding stock and other property belonging to her and debtor, property worth almost enough to satisfy creditor's judgment.

Ill. Rev. Stat. 1969, ch. 110, par. 73(1), under which respondent was cited, provides in subparagraph (5):

If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person other than the judgment debtor, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his rights. * * *

■■ In garnishment proceedings, it is the duty of the garnishee to call the court's attention to any conflicting claim to property sought to be garnished. (*Gorham, et al. v. The Massillon Iron & Steel Co.*, 209 Ill.App. 606, aff'd 284 Ill. 594, 120 N.E. 467; *Greenwich Ins. Co. v. Columbia Mfg. Co.*, 73 Ill.App. 560.) When, either by answer of the

garnishee or otherwise, it appears that the property involved is subject to the claim of another person, notice to that person is mandatory; and it is the duty of the court to permit the other person to appear and maintain his right. (*Chott v. Tivoli Amusement Co.*, 82 Ill.App. 244; *Nudelman v. Stern*, 315 Ill.App. 215, 42 N.E.2d 853; 38 C.J.S. Garnishment § 276.) Until this is done, a valid garnishment judgment cannot be entered in favor of a judgment creditor. (*Nudelman v. Stern, supra.*) Indeed, it is error to enter a garnishment without notice to the person whose interest in the property involved has been made known to the court. (*Siegel v. Moses*, 159 Ill.App. 624.) This principle does nothing more than recognize the fundamental doctrine that a court should not proceed to judgment in the absence of a party whose presence is indispensable to its decision. (See *Hobbs v. Pinnell*, 17 Ill.2d 535, 162 N.E.2d 361 and compare *Henry DeCicco & Co. v. Drucker*, 101 Ill.App.2d 340, 243 N.E.2d 456.) This being so, it was error for the trial judge to refuse continuation of the citation hearing so that the interest of Carol Diacou in the real estate involved could be determined, including the right of respondent to sell what she claimed was her property.

■■ The same statute that governs this determination provides that "[t]he rights of the person cited * * * shall be asserted and determined pursuant to the law relating to garnishment proceedings." (Ill. Rev. Stat. 1969, ch. 110, par. 73(5).) In the law relating to garnishments, (Ill. Rev. Stat. 1969, ch. 62, par. 40), it is provided that "[t]he garnishee is entitled to assert against indebtedness due to the judgment debtor offsetting demands against either or both the judgment creditor and the judgment debtor, whether (1) due at the time of service of the garnishment summons or thereafter to become due * * *." Thus, it has been held that from the property, effects or credits in his possession, the garnishee has the right to deduct all demands he may have against the judgment creditor or against the judgment debtor, demands which he could make if he had not been summoned as a garnishee. (*Finch v. Alexander County Nat. Bank*, 65 Ill.App. 337; *Fornoff v. Smith*, 281 Ill.App. 232.) By this statutory rule, then, respondent, assuming she had some property belonging to debtor, had the right to set off against creditor the stock and other property which she claimed belonged to her and debtor, property which she said was worth almost enough to pay creditor's judgment against debtor.

Creditor contends, however, that admission of respondent's proffered evidence concerning the claimed stock and property would have been a collateral attack on its judgment against debtor; that in its litigation with debtor, all questions concerning securities it held for debtor were determined; therefore, respondent's evidence would have required the

citation court to "[r]econsider and relitigate issues and evidence properly presented to the [prior] trial court." This contention is without merit. ■■ Respondent was neither a party, nor as far as the record shows, a privy to the suit between creditor and debtor. It is a rule of broad application that judgments are binding only on parties and those in privity with them. (*Charles E. Harding Co. v. Harding*, 352 Ill. 417, 426, 186 N.E. 152.) It is apparent that creditor is invoking a branch of this rule, the doctrine of collateral estoppel; that is, prior adjudication in a different suit between the same parties of some identical fact or question. (See *City of Chicago v. Provus*, 115 Ill.App.2d 176, 182—183, 253 N.E.2d 182.) In such a case, the rule is settled that the burden of proving prior adjudication of the same fact or question is on him who invokes the estoppel. (*Gillies v. Little Vermilion Special Drainage Dist.*, 401 Ill. 344, 81 N.E.2d 916; *Chicago Historical Society v. Paschen*, 9 Ill.2d 378, 137 N.E.2d 832.) On the record before us, creditor did not discharge its burden of proof. For this reason, the trial court erred in sustaining creditor's objection and in refusing respondent the opportunity to prove that creditor had in its possession stock and other property belonging to respondent and to debtor, property which could be set off in the supplementary proceeding. Accordingly, the citation judgment is reversed and the cause is remanded with directions that Carol Diacou be given notice of the supplementary proceeding and the citation hearing; that all parties be afforded the opportunity to prove their respective claims; and thereafter, either the citation be dismissed and the supplementary proceeding discharged or the appropriate judgment entered consistent with the views expressed in this opinion.

Reversed and remanded with directions.

SCHWARTZ and STAMOS, JJ., concur.