*In re* MARRIAGE OF DENA SOULELES, Petitioner-Appellee and GEORGE SOULELES, Respondent-Appellant.—(First Federal Savings and Loan Association of Wilmette, Garnishee-Appellee.)

First District (1st Division)   No. 81—2766

Opinion filed December 30, 1982.

866

Donald Newman, of Donald L. Newman & Associates, of Chicago (Gordon F. Gault and Charlotte Rubinstein, of counsel), for appellant.

George D. Karcazes, of Martin & Karcazes, Ltd., of Chicago, for appellee Dena Souleles.

Erwin Grombacher and Thomas J. Anselmo, both of Chicago, for appellee First Federal Savings and Loan Association of Wilmette.

JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order denying a motion to quash a non-wage garnishment summons.

The issues we address on appeal are as follows: (1) whether a savings account at a Federal savings and loan association is exempt from garnishment where the association has possession of the passbook without a written assignment from the holders of record; (2) whether orders awarding attorney fees contained in a judgment for dissolution of marriage are valid judgments upon which to base a garnishment action; and (3) whether judgment creditor and garnishee followed the procedures required by the Garnishment Act.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Funds held on deposit at a savings and loan association were the subject of the garnishment action in the case below. The sequence of events leading up to disbursement of the funds is particularly relevant and will be set out in chronological order.

On May 18, 1981, judgment for the dissolution of the marriage of Dena Souleles (petitioner) and George Souleles (respondent) was entered by the circuit court of Cook County. The judgment ordered that attorney fees of both parties were to be paid by respondent. It also ordered petitioner to pay her attorney $1,000. At 4:15 p.m. the same day, attorney for petitioner, George D. Karcazes (hereinafter called Karcazes), instituted a garnishment action against First Federal Savings and Loan Association of Wilmette (hereinafter called First Federal). Karcazes commenced the action by filing an affidavit for gar-

nishment (nonwage) and interrogatories to garnishee with the clerk of the court—domestic relations division. Karcazes, the affiant, stated that judgment was entered on May 18, 1981, in favor of judgment creditor (Karcazes) and against judgment debtor (respondent) for $2,000. The clerk of the court issued summons against First Federal the same day; summons was properly served on May 23, 1981. Under cover letter, also dated May 18, 1981, Karcazes forwarded a copy of the judgment for dissolution of marriage to Ms. Alice A. Winkler, branch manager of First Federal. In his letter, Karcazes stated that judgment entered in the case of Souleles v. Souleles awarded him attorney fees in the amount of $2,000 and that judgment in that amount had been entered against respondent. Karcazes also explained how the funds held in respondent's savings account were to be distributed, informed First Federal of the institution of the garnishment action, and directed First Federal to extinguish respondent's account upon payment of the various sums due. Five days after its issuance, summons was served on Ms. Winkler as agent of First Federal. The affidavit for garnishment (nonwage) and interrogatories to garnishee were served with the summons.

On June 11, 1981, the day before First Federal filed its answer to the interrogatories, Karcazes telephoned First Federal and informed it that he had obtained a release (satisfaction) of judgment based upon the affidavit for garnishment and the answer to the interrogatories. The telephone conversation was confirmed by letter dated June 11, 1981, from Karcazes which included the following: (1) a copy of the judgment for dissolution of marriage, (2) a stamped copy of the release (satisfaction) of judgment dated June 9, 1981, and filed on June 10, 1981, and (3) the savings account passbook registered in the names of petitioner and respondent.

First Federal filed its answer, under oath, to the interrogatories on the return date, June 12, 1981. The answer stated that First Federal, as garnishee, was indebted to respondent at the time the summons was served (May 23, 1981). Property in which respondent had an interest, which was in the possession, custody or control of First Federal was described as a savings account held in the name of respondent. First Federal also stated the funds in the account totaled $4,592.83.

Thereafter, First Federal disbursed the funds in accordance with Karcazes' instructions and the judgment of dissolution of marriage. First Federal asserts that it acted within the purview of the law when it disbursed the funds based upon the June 11 telephone conversation, the confirmation letter, and the receipt of the release.

Respondent subsequently motioned the circuit court to set a contempt hearing against Karcazes and First Federal and to quash the garnishment action. These motions were denied and respondent appeals.

Initially we note that the briefs filed in the instant case offer minimal assistance to this court. Our review of the transcript of the proceedings below indicates that appellant was aware that proper garnishment procedures were not followed. The introduction in appellant's brief so states, yet he failed to comply with various sections of Supreme Court Rule 341 (87 Ill. 2d R. 341). Appellant's brief contains no citation to the Garnishment Act, as required by section 341(e)(5); appellant fails to analyze how the cases cited in support of his first issue relate to the case at bar; and appellant cites no cases whatsoever to support the other issues he raises.

■■ Reviewing courts are entitled to have briefs submitted that are articulate and present an organized and cohesive legal argument in accordance with the applicable supreme court rules. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294.) Case law supports the proposition that when there is a failure to comply with the rules, the appeal will not be entertained. (*Biggs v. Spader* (1951), 411 Ill. 42, 103 N.E.2d 104.) It is firmly established that "[r]eviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court." (*In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523.) However, this court has held that Supreme Court Rule 341 states an admonition to the parties rather than a jurisdictional limitation on the court. (*Occidental Chemical Co. v. Agri Profit Systems, Inc.* (1975), 37 Ill. App. 3d 599, 346 N.E.2d 482.) Therefore, in the interest of justice and fairness, we shall entertain this appeal. In order to reach a just result, based upon the correct principles of law, we address the issues which our research indicates this case presents.

First, appellant contends that the savings account is exempt from garnishment by statute.

■■ The pertinent section of the Illinois Savings and Loan Act provides:

"All withdrawable capital certificates and account books, * * * shall be subject to the attachment and execution as provided by the laws of this State, and *the association shall not be subject to garnishment proceedings concerning any capital account*

\*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 17, par. 3099(d).)

Appellant is correct in stating that as a general rule a savings account at a savings and loan association is not garnishable. However, an exception applies when a savings account passbook has been returned by the holder of record to the savings and loan association and the association has it in its possession. (Ill. Rev. Stat. 1981, ch. 17, par. 3099(d)(2).) We interpret the statute to mean that if the passbook is returned by someone other than the holder of record, there must be a valid transfer from the holder of record to the third party for the exception to apply.

The statute is very specific about what constitutes a valid transfer. Section 4—8(b) provides:

"The holder of a withdrawable capital account may transfer his rights therein absolutely or conditionally to any other person eligible to hold the same, *by written assignment accompanied by delivery of the appropriate certificate or account book*; but notwithstanding the effectiveness of such a transfer between the parties thereto, the association may treat the holder of record as the owner of the account for payment, voting, and all other purposes until such assignment and any accompanying certificate or account book have been received by the association *with a request for the transfer* on the association's records." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 17, par. 3099(b).

If the transfer is not accompanied in the precise manner set out in the Illinois Savings and Loan Act, the transfer is invalid and the savings and loan association must treat the holder of record as the owner.

In the instant case, Karcazes mailed the savings account passbook to First Federal. Although First Federal had it in its possession when it disbursed the funds, the facts indicate that there was no valid transfer from the holders of record, Dena and George Souleles, to Karcazes. The record is devoid of any evidence of a written assignment of the savings account passbook or a request for transfer. Therefore, the fact that First Federal had the passbook in their possession, without a written assignment and request for transfer, is insufficient to render the account garnishable.

Second, we must ascertain whether Karcazes has recovered a judicial determination of an indebtedness enabling him to institute a garnishment action. Appellant admits that there is an order to pay Karcazes $2,000 but denies that it is a "judgment" upon which to base a

garnishment suit. He argues that the award of attorney fees to Karcazes is not worded properly.

The judgment for dissolution of marriage, paragraph N, provided:

"Respondent is ordered to pay to Petitioner's Attorney, GEORGE D. KARCAZES, the sum of TWO THOUSAND ($2,000.00) DOLLARS, as and for attorney's fees as Petitioner's Attorney, and said GEORGE D. KARCAZES shall have and recover of and from said GEORGE SOULELES, the sum of TWO THOUSAND ($2,000.00) DOLLARS, upon the entry of this Judgment and execution thereon may issue."

Paragraph O ordered petitioner to pay Karcazes $1,000 for her attorney fees.

Furthermore, paragraph Q provided:

"Respondent is further ordered to pay his Attorney the sum of TWO THOUSAND FIVE HUNDRED ($2,500.00) DOLLARS, as and for attorney's fees, and that Petitioner is not liable for any contribution herein towards Respondent's attorney's fees. Judgment be and is entered in favor of DONALD L. NEWMAN and against GEORGE SOULELES in the sum of TWO THOUSAND FIVE HUNDRED ($2,500.00) DOLLARS as and for attorney's fees."

The trial judge found that despite the difference in language, paragraph N and paragraph Q both were "judgments." We agree.

"Judgment," as defined in Supreme Court Rule 2, also includes "decree, determination, decision, order or portion thereof." 87 Ill. 2d R. 2(b)(2).

■ The test of finality of a judgment or order lies in substance, not the form. (*In re Marriage of Nilsson* (1980), 81 Ill. App. 3d 580, 402 N.E.2d 284.) A final judgment is one which disposes of the rights of the parties, upon the entire controversy or upon a definite and distinct part thereof. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 50 N.E.2d 836.) We conclude that the orders awarding payment of attorney fees are valid for purposes of maintaining a garnishment action. The trial court's holding that the orders constituted valid judgments is affirmed.

Third, we must address whether Karcazes, as judgment creditor, followed the proper procedures set forth in the Garnishment Act. (Ill. Rev. Stat. 1981, ch. 62, pars. 33 through 52.) Garnishment is a purely statutory remedy which must be strictly complied with. The judgment creditor must meet all the requirements of the statute or a judgment will not be entered. (*Cole v. Shanior* (1979), 69 Ill. App. 3d 505, 387 N.E.2d 860.) It is well settled that when, either by the garnishee's an-

swer or otherwise, it appears that the property involved is subject to adverse claims, notice to those claimants is mandatory. (*B. J. Lind & Co. v. Diacou* (1971), 3 Ill. App. 3d 299, 278 N.E.2d 526.) Karcazes was well aware that there were adverse claims. The following facts disclose the existence of such claims. Karcazes was holding the savings account passbook and knew the balance. He knew that the total amount of attorney fees awarded in the judgment of dissolution of marriage exceeded the appellant's interest in the account at First Federal.

■ Petitioner is an adverse claimant, entitled to notice, by virtue of the fact that the savings account was held jointly. (*Nudelman v. Stern* (1942), 315 Ill. App. 215, 42 N.E.2d 853.) Appellant's attorney was entitled to notice due to the order awarding him attorney's fees stated above. Both parties had an interest in the appeal due to their claims. The procedures governing a garnishment proceeding contemplate that parties with an interest in the subject property must be given notice and a full opportunity to present their claims. (*Meggison v. Stevens* (1974), 21 Ill. App. 3d 505, 316 N.E.2d 297.) Until this is done, no garnishment judgment can be entered. Therefore, we conclude that no valid garnishment judgment was entered.

Most alarming is the fact that appellant was never given the opportunity to pay Karcazes. Garnishment affords, in many instances, the only remedy the creditor has for collecting his claim. Its purpose, to compel compliance with a valid judgment, presumes that the creditor has at least given the debtor the opportunity to pay the judgment prior to seeking the statutory remedy. In the instant case, the garnishment suit was filed the same day the debt became due. There is nothing in the record that demonstrates that appellant was asked to pay the debt, or given notice of the commencement of the action.

■ We find that Karcazes acted improperly in demanding payment ("based upon the answers to the interrogatories"). Furthermore, he was not justified in obtaining and filing the release (satisfaction) of judgment before obtaining a garnishment judgment, before he was paid, and before First Federal filed its answer to the interrogatories.

First Federal, garnishee, also failed to meet its statutory obligations. It disbursed funds on deposit in the names of Dena and George Souleles based upon the oral and written representations of Karcazes, receipt of the passbook and receipt of the release (satisfaction) of judgment. On appeal, First Federal contends that its actions were proper under the statute. We disagree.

Service of summons creates a lien in favor of the judgment credi-

tor on the property in garnishee's custody. (*Scheetz v. Crabill* (1944), 322 Ill. App. 49, 53 N.E. 2d 741.) The garnishee has a duty to hold the property subject to the entry of the garnishment judgment. A garnishee also has a duty to call the court's attention to conflicting claims on the property sought to be garnished (*B. J. Lind & Co. v. Diacou* (1971), 3 Ill. App. 3d 299, 278 N.E.2d 525), to notify those claimants, and to hold the property. (Ill. Rev. Stat. 1981, ch. 62, par. 39.) If it disburses the funds prior to final judgment, it does so at its peril. Because no garnishment judgment was entered, First Federal's disbursement was without authority.

For the foregoing reasons, we affirm the trial court's finding that the orders awarding attorney fees are valid judgments upon which to base a garnishment action; we reverse the trial court's holding denying appellant's motion to quash the nonwage garnishment summons. The parties should be restored to status quo. We remand for further proceedings consistent with this opinion.

Orders affirmed in part, reversed in part; cause remanded.

CAMPBELL, P.J., and GOLDBERG, J., concur.