**In re Kamau K. FOLUKE, Debtor.**

**Kamau K. FOLUKE, Plaintiff,**

v.

**PEOPLES GAS LIGHT AND COKE COMPANY, Defendant.**

Bankruptcy No. 83 A 2524.
Adv. No. 83 B 11049.

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 9, 1984.

Robert J. Adams, Chicago, Ill., for plaintiff.

Norman Wexler, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

### I

The issue presented to this Court ultimately concerns the question of when does a creditor's judgment attach to intangible personal property of a debtor. The resolution of this issue will determine whether the defendant herein, Peoples Gas Light and Coke Company (the "defendant"), received a preferential transfer pursuant to 11 U.S.C. § 547 (Supp. V 1981).

### II

The defendant obtained a judgment in the Circuit Court of Cook County against Kamau Foluke (the "debtor") on March 10, 1983. The judgment award was $3,646.98 plus costs. Thereafter, on April 11, 1983, the defendant initiated a citation proceeding to discover assets. Through the citation proceeding, the defendant discovered that the debtor held $864.91 in an account at the Independence Bank of Chicago. The funds held at the Independence Bank were turned over to the defendant pursuant to an order entered on June 14, 1983. Subsequently, on September 7, 1983, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* (Supp. V 1981). Shortly thereafter, the debtor initiated the instant adversary action seeking return of the bank account funds.

The debtor argues that the defendant's judgment did not attach until the date of the turnover order, which was June 14, 1983. Consequently, since that date was within 90 days from the filing of the bankruptcy petition, it is argued that a Section 547 preference occurred. The defendant, in response, argues that the judicial lien attached on the day that the citation proceeding was initiated, April 11, 1983, outside of the 90 day period necessary for the finding of a preferential transfer. Consequently, this court must determine when the "transfer" of the funds occurred for purposes of determining whether the defendant received a preference.

### III

Section 547 of the Bankruptcy Code provides in relevant part:

(b) ... The trustee may avoid any *transfer* of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) *made—*

(A) on or within 90 days before the date of the filing of the petition; ... and

  ❖  ❖  ❖  ❖  .❖  ❖

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title. [Emphasis supplied]

11 U.S.C. § 547 (Supp. V 1981).

The dispositive inquiry in this proceeding is whether the "transfer" of the debtor's assets occurred on or within 90 days before the filing of the petition. The parties have agreed that all other elements of a preferential transfer are present. Accordingly, it must be determined whether the "transfer" occurred on April 11, 1983, the date of the issuance of the citation, or on June 14, 1983, the date of the turnover of the assets.

■ A "transfer" within the meaning of the Bankruptcy Code, is defined as:

"every mode, direct or indirect, absolute or conditional, voluntary or involuntary of disposing of or parting with property or with an interest in property, including retention of title as a security interest." [11 U.S.C. § 101(40) (Supp. V 1981)].

This definition has been held to include any judicial proceeding that fixes a lien upon property of the debtor. *In re Burnham,* 12 B.R. 286 (Bkrtcy.Ga.1981); 4 *Collier on Bankruptcy* ¶ 547–12, at 547.41–43 (15th Edition 1983). In determining whether a judicial lien is avoidable as a preferen-

tial transfer, a transfer is deemed to have been made when the judicial lien attached to the debtor's property, a question controlled by state law. *In re Vero Cooking & Heating, Inc.,* 11 B.R. 359 (Bkrtcy. Fla.,1981). Therefore, it must be determined whether the initiation of a citation proceeding creates a judicial lien on a debtor's intangible personal property. It is undisputed that bank funds in question constitute intangible personal property under Illinois law. *See General Telephone Company of Illinois v. Robinson,* 545 F.Supp. 788, 794 (C.D.Ill.,1982).

■ In Illinois, a citation to discover assets is a supplementary proceeding designed to aid a judgment creditor to discover a debtor's property for the purpose of applying the property in satisfaction of a judgment. *In re Stoner Investments, Inc.,* 7 B.R. 240 (Bkrtcy.N.D.Ill.,1980), *aff'd.* 80 C 6226 (N.D.Ill., Aug. 6, 1981). The statutory authority governing the citation process is contained in Section 2–1402 of the Illinois Code of Civil Procedure. Ill.Rev. Stat.Ch. 110, § 2–1402 (1983).[1] Whether the initiation of a citation proceeding creates a judicial lien upon intangible personal property has been somewhat unclear under past Illinois case law. *See for eq. Asher v. United States,* 570 F.2d 682 (7th Cir.1978) (a judicial lien is created as to intangible personal property upon either the initiation of a citation or a writ of execution); *In re Marriage of Rochford,* 91 Ill.App.3d 769, 46 Ill.Dec. 943, 414 N.E.2d 1096 (1st Dist. 1980) (the initiation of a citation proceeding creates a judicial lien upon intangible personal property); *Kaiser-Ducett Corp. v. Chicago-Joliet Livestock Marketing Center, Inc.,* 86 Ill.App.3d 216, 41 Ill.Dec. 651, 407 N.E.2d 1149 (3d Dist.1980) (judicial lien is created upon intangible personal property upon the issuance of a writ of execution).

The conflicting case law addressing the issue before this court was summarized in the two recent cases of *Robinson* 545 F.Supp. at 792–797, and *In re Lapiana,* 31

---

1. Formerly Ill.Rev.Stat.Ch. 110, § 73 (1981).

B.R. 738 (Bkrtcy.N.D.Ill.,1983). In *Lapiana,* the issue before the court was who should be accorded priority status as to a debtor's beneficial interest in a land trust, an intangible personal property right in Illinois. The two competing parties were a judgment creditor and the Internal Revenue Service ("IRS"). A judgment in confession had been entered in favor of the judgment creditor as against the aforesaid debtor. The creditor immediately initiated citation proceedings. Shortly thereafter, the IRS filed a federal tax lien against the property in question.

The *Lapiana* court ultimately accorded the IRS priority status. This finding was based upon the nature of the underlying judgment (a motion to reopen the confession of judgment was pending). However, the *Lapiana* court clearly concluded, that as to intangible personal property, a judicial lien is created upon the initiation of a citation proceeding. A similar conclusion as to the creation of a judicial lien on intangible personal property was reached by the court in *Robinson.* In *Robinson,* the court did, however, distinguish between a citation designed to restrain the transfer of assets versus a citation designed to actually collect a debtor's assets. Nonetheless, the court in dicta, did take the position that a judicial lien is created on intangible personal property upon the initiation of a citation proceeding.

In the case herein, the court finds compelling and persuasive the line of case law that suggests a judicial lien is created on a debtor's bank account the moment a citation proceeding is initiated. In that there are no priority problems present, the further questions raised in *Lapiana* need not be addressed. Accordingly, this court finds that a judicial lien was created upon the debtor's bank account on April 11, 1983. The fixing of the judicial lien on April 11th further means that the "transfer" of the debtor's funds took place outside of the 90 day preference period provided for in Section 547. Consequently, the debtor's complaint seeking turnover of the funds is dismissed. Counsel for the defendant is to prepare a draft order in accordance with this Opinion within five days.