**In re David Courtland NEALIS, Debtor.**

**David Courtland NEALIS, Plaintiff,**

**v.**

**FORD MOTOR CREDIT COMPANY, Chicago Transit Authority and Lawrence Friedman, Defendants.**

**Nos. 84B1165, 84A548.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 26, 1985.

330

Dannen, Crane, Heyman & Haas, Chicago, Ill., for debtor/plaintiff.

Lawrence Freidman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

### I.

This case comes to be heard on the complaint of the debtor, David Courtland Nealis ("Nealis" or "debtor") against his employer, the Chicago Transit Authority ("CTA"), and a judgment creditor, Ford Motor Credit Company ("Ford"). The debtor and Ford have both moved for summary judgment. The question presented is whether the debtor may avoid Ford's prepetition garnishment of his wages and obtain a turnover of the amount which the CTA deducted and turned over to Ford.

### II.

On November 29, 1982, Ford obtained a judgment against Nealis in the Circuit Court of Cook County, Illinois. On October 28, 1983, Ford served a wage garnishment summons upon CTA. Ill.Rev.Stat. ch. 110 ¶ 12–801 *et seq.* CTA subsequently withheld $913.57 from the debtor's wages. On January 19, 1984, judgment was entered against CTA in the garnishment proceedings. On January 31, 1984, the debtor filed his Chapter 7 petition. After the petition was filed CTA turned the $913.57 withheld over to Ford's attorney.

Nealis has filed a two-count complaint to recover the wages that have been remitted to Ford. Count I seeks to avoid the garnishment as a judicial lien under 11 U.S.C. § 522(f)(1). Count II seeks to avoid the garnishment as a preferential transfer under 11 U.S.C. §§ 522(h) and 547(b).

Summary judgment shall be entered in favor of a moving party if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), 11 U.S.C. Bankr. Rule 7056. There is no dispute as to the material facts set forth above. The only matter to be resolved in this case is whether Nealis or Ford is entitled to judgment.

### III.

This case presents the frequently encountered situation wherein the garnishment summons was served more than 90 days before the petition was filed, but the wages were deducted within the 90-day period. Ford argues that the service of the garnishment summons outside the 90-day period transferred 15% of the debtor's wages to Ford.

Thereafter, the argument goes, the debtor no longer had a property interest in 15% of his future wages, and CTA owed that

amount directly to Ford. The debtor, on the other hand, contends that the transfer was not effected until the court entered judgment against CTA, that this occurred within 90 days of the filing, that the garnishment is a preferential transfer, and that the debtor may exempt the wages.

Section 522(f)(1) provides that the debtor may avoid the fixing of a judicial lien, such as a garnishment, to the extent that the lien impairs an exemption to which the debtor would have been entitled under section 522(b). 11 U.S.C. § 522(f)(1). In order to fall within the purview of § 522(f)(1), the debtor must first establish that the property could have been exempted at the commencement of the case. *In re Gibbs*, 39 B.R. 214, 215 (Bankr.W.D.Ky.1984) and *In re Antley*, 18 B.R. 207, 211–212 (Bankr.W.D.Ga.1982). Exemptions are taken from "property of the estate" created by 11 U.S.C. § 541(a). 11 U.S.C. §§ 522(b), 541(a); *In re Ford*, 29 B.R. 364, 366 (Bankr.W.D.Mo.1983). Courts have therefor held that if the debtor had no legal or equitable interest in the property when the petition was filed, he may not avoid a judicial lien on such property under § 522(f)(1). 11 U.S.C. § 541(a); *In re Gibbs*, 39 B.R. at 215; *In re Antley*, 18 B.R. at 211–212.

The debtor may avoid a transfer under 11 U.S.C. §§ 547(b) and 522(h) if the trustee does not attempt to avoid the transfer. It was not a voluntary transfer by the debtor, and the debtor did not conceal the property. In addition, the debtor must also establish that the transfer was one which the trustee may have avoided under § 547(b). 11 U.S.C. § 522(h)(1). In order to avoid a transfer pursuant to § 547(b), it must be shown that there was a transfer to or for the benefit of a creditor; on account of an antecedent debt; made while the debtor was insolvent; on or within 90 days before the filing of the petition; that enabled the creditor to receive more than in a Chapter 7 case. 11 U.S.C. § 547(b).

Section 522(h) further provides that the debtor may avoid a preferential transfer under § 547(b) if the above criteria are met and the debtor could have exempted the property *if it had not been transferred.* 11 U.S.C. § 522(g), (h). Therefore, if the property can be exempted, section 522(h) will allow the debtor to avoid a preferential transfer whether or not he had an interest in the property at the commencement of the case. 11 U.S.C. §§ 522(g), (h), 542(a), 547(b). *See also In re Eggleston*, 19 B.R. 280, 280–281 (Bankr.M.D.Tenn.1982); *and In re Cox*, 10 B.R. 268, 270 (Bankr.D.Md. 1981).

The parties' dispute principally concerns the following contested element of § 547(b): Was property of the debtor transferred on or within 90 days of the filing of the petition? 11 U.S.C. § 547(b)(4). Under the law, the debtor is entitled to exempt the $913.57 withheld by the CTA. The court has considered the debtor's entitlement to relief under 11 U.S.C. §§ 522(h), and 547(b), and determined that he is entitled to judgment as a matter of law.

There is a split of authority among federal courts as to when a garnishment lien divests the debtor of ownership in his wages for the purpose of § 547. *In re Eggleston*, 19 B.R. 280, 282 (Bankr.M.D. Tenn.1982). This is partly attributable to the variance in state law governing when a transfer of the debtor's property occurs. *Matter of Coppie*, 728 F.2d 951, 952 (7th Cir.1984) *cert. denied*, —— U.S. ——, 105 S.Ct. 777 83 L.Ed.2d 772 (1985).

The analysis most often employed follows that used in the case of *In re Cox*, 10 B.R. 268 (Bankr.D.Md.1981). For the purposes of § 547, a transfer is not made until the debtor has acquired rights in the property transferred. 11 U.S.C. § 547(e)(3). A transfer pursuant to a writ of garnishment cannot occur until the debtor has earned the wages. Therefore, wage deductions during the 90-day period are preferential transfers to the judgment creditor. *6x, supra*, at 271–272. *Accord In re Mayo*, 19 B.R. 630 (E.D.Va.1981); *In re Tabita*, 38 B.R. 511 (Bankr.E.D.Pa.1984); *In re Eggleston*, 19 B.R. 280 (Bankr.M.D.Tenn. 1982); *In re Evans*, 16 B.R. 731, (Bankr.N.D.Ga.1982).

The opposing view is that the garnishment creates a continuing lien which terminates the debtor's property rights in his future wages. The transfer occurs on the date that the lien is created. If this is outside the 90-day period, there is no preference. *Matter of Coppie,* 728 F.2d 951 (7th Cir.1984) *cert. denied,* —— U.S. ——, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985); *In re Riddervold,* 647 F.2d 342 (2d Cir.1981); *See also discussion in In re Tabita,* 38 B.R. at 512–513.

The Seventh Circuit applied the continuing lien theory to an Indiana garnishment issued more than 90 days before the petition was filed in the *Matter of Coppie, supra.* The court held that the debtors no longer had a property interest in 10% of their future salaries after the Indiana court ordered that the liens on their future income be continuous. Garnishment of the debtor's wages within 90 days of the filing, therefore, was not a preferential transfer. *Id.* at 952.

The Seventh Circuit reached this result after construing the Indiana garnishment statute. That statute provides that after a hearing, the court may order that any debt due the judgment debtor *be applied to satisfaction of the judgment,* and that the judgment shall be a continuing lien *from the date the order is served.* Ind. Code § 34–1–44–7. The statute, in effect, worked a novation of 10% of the debtors' salaries. This was similar to the New York statute construed in *In re Riddervold,* 647 F.2d 342 (2d Cir.1981), "which worked a novation whereby the employer owes 10% of the employee's salary ... to the sheriff for the benefit of the judgment creditor ..." *In re Riddervold,* 647 F.2d at 346. *Matter of Coppie,* 728 F.2d at 952.

The *Coppie* court rejected the argument that a different result was required by Bankruptcy Code § 547(e)(3), which provides that a transfer is not made until the debtor has acquired rights in the property transferred. "The most important distinction is under Indiana law, the debtors retained no interest in 10% of the future

wages following the entry of the garnishment orders." *Coppie, supra,* at 953.

Illinois is a continuing lien state. Service of the garnishment summons creates a lien in favor of the judgment creditor that attaches to wages then due and continues as to subsequent earnings for the statutory period. Ill.Rev.Stat. ch. 110 ¶ 12–808(b); *In re Marriage of Souleles,* 111 Ill.App.3d 865, 872–873, 67 Ill.Dec. 485, 489, 444 N.E.2d 721, 725 (1982). After service of the summons, however, the employer becomes a mere stakeholder. *See Robbins, Coe, Rubinstein & Shafran v. Ro Tek, Inc.,* 23 Ill.App.3d 705, 710, 320 N.E.2d 157, 161 (1974). The employer shall pay the employee his exempt wages and *hold subject to order of court* any non-exempt wages due or which subsequently become due. Ill.Rev.Stat. ch. 110 ¶ 12–808(a), (b).

It is noteworthy that if the employer fails to appear and answer as required, the judgment creditors obtain only a conditional judgment against the employer. An additional summons must issue to the employee to show cause why the conditional judgment should not be made final. If the employee appears and answers after receiving the second summons, the case proceeds as in other cases. Ill.Rev.Stat. ch. 110 ¶ 12–807(a).

The court, *sua sponte,* the employer, or the judgment debtor may challenge the validity of the creditor's underlying judgment at the wage deduction hearing. *Felton v. Shead,* 6 Ill.App.3d 123, 126, 285 N.E.2d 162 (1972). The garnishment procedures also contemplate that parties with an interest in the subject property be given notice and an opportunity to present their claims. *In re Marriage of Souleles,* 111 Ill.App.3d at 872, 67 Ill.Dec. at 489, 444 N.E.2d at 725. To this end, the employer is entitled to assert offsetting claims, and third parties are entitled to assert adverse claims. Ill.Rev.Stat. ch. 110 ¶¶ 809, 810. Should the employer disburse the funds prior to entry of the garnishment judgment, it does so at its peril, *In re Marriage of Souleles,* 111 Ill.App.3d at 873, 67 Ill.Dec. at 490, 444 N.E.2d at 726. This is so because it is the

wage deduction order or judgment against the employer that discharges the employer of all claims by the judgment debtor for the indebtedness paid by the employer in accordance with the deduction order. Ill. Rev.Stat. ch. 110 ¶¶ 12–812, 12–802.

■ In Illinois, the employer does not owe the non-exempt wages he holds to the judgment creditor until judgment has been entered in the garnishment proceeding. If service of the garnishment summons transferred non-exempt wages to the judgment creditor, the legislature would not have provided that only a conditional judgment be entered against the employer who fails to appear. In *Matter of Coppie*, the Indiana court had ordered that the wages be applied to satisfy the creditor's judgment and that it be a continuous lien. *Matter of Coppie*, 728 F.2d at 952. In Illinois, after service of garnishment summons, the creditor does have a continuing lien, but he does not have a court order applying the debtor's non-exempt wages to the satisfaction of his judgment. This conclusion is supported by the court's explanation of Illinois wage garnishment procedure in *Felton v. Shead*, 6 Ill.App.3d 123, 125, 285 N.E.2d 162, 164 (1972):

> The Wage Deduction Act (Ill.Rev.Stat. ch. 62, par. 71 *et seq.*) [current version at Ill.Rev.Stat. ch. 110 ¶ 12–801 *et seq.*] contains the statutory authority for enforcement of judgments by levying against the judgment debtor's wages. Enforcement is begun upon the judgment creditor's application for issuance of summons and written interrogatories to the employer. *After expiration of a return date* of not less than 30 nor more than 40 days from the date of issuance, *a hearing is held to determine whether a wage deduction order, requiring the employer to make periodic deductions from his employee's wages to satisfy the judgment, is to be entered.* The Act provides that the issues will be tried at the hearing as in other civil cases, and that all the provisions of the Civil Practice Act are applicable to the proceedings. (Emphasis supplied).

The Illinois garnishment statute is more akin to the Tennessee statute construed in *In re Eggleston*, 19 B.R. 280 (Bankr.W.D. Tenn.1982), than to the Indiana and New York statutes construed in *Matter of Coppie, supra.* The Tennessee Code required the garnishee to remit monies withheld to the court and did not authorize payments to be made to the judgment creditor directly. *In re Eggleston*, 19 B.R. at 285. In Tennessee, when the garnishee answers and admits his indebtedness, the court proceeds to subject the property to the satisfaction of the debt. *Id.* at 284–285, *quoting Beaumont v. Eason*, 59 Tenn. (12 Heisk) 417, 418–421 (1973). The Court in *Eggleston* held that the debtor retained an interest in his wages after service of the garnishment and that the transfer did not occur until after the wages were earned. *Id.* at 282, 284–285.

■ This court concludes that the law of Illinois requires a similar result. The Seventh Circuit opinion issued in *Matter of Coppie* is distinguishable. Although service of the garnishment summons outside the 90-day preference period did create a continuing lien, it did not terminate the debtor's interest in non-exempt wages which were then due and those which subsequently became due. Until entry of the wage deduction order, the debtor retained an interest which, for the purposes of § 547, could not be transferred until the debtor acquired rights in his wages by earning them. 11 U.S.C. § 547(e).

The withholding of wages and the entry of judgment against CTA occurred within 90 days before the petition was filed. Accordingly, the debtor may avoid these transfers pursuant to 11 U.S.C. §§ 522(h), and 547(b). The wages withheld may be exempted pursuant to 11 U.S.C. § 522(b), (g), (h). *See In re Eggleston*, 19 B.R. at 284; *In re Evans*, 16 B.R. 731, 733. (Bankr.N.D.Ga.1982). It follows that pursuant to § 542(a) of the Bankruptcy Code, Ford must turnover the $913.57 withheld by CTA to the debtor.

Ford did suggest to the court that its decision in *In re Foluke*, 38 B.R. 298

(Bankr.N.D.Ill.1984) was controlling. In that case this court found a judicial lien is created the moment an Illinois citation to discover assets is initiated. As a result, this court held that the transfer of funds in the debtor's bank account occurred outside the 90-day preference period. *Id.* at 301. That case can be distinguished because the bank account was in existence at the time the judicial lien was created; whereas in this case, the wages were not earned when the garnishment summons was served, and § 547(e)(3) produced a different result.

Counsel for Nealis is to prepare a draft order in accordance with this opinion in five (5) days.

IT IS SO ORDERED.