The CHICAGO PAINTERS' AND DECORATORS' PENSION, HEALTH and WELFARE and DEFERRED SAVINGS PLAN TRUST FUNDS and Painters' Union District Council, Plaintiffs,

v.

Beverly CUNHA, Individually, and Beecher Painting and Decorating, Inc., Defendants,

R.W. Edwards Construction Co., Garnishee/Defendant.

No. 89 C 3081.

United States District Court, N.D. Illinois, E.D.

Oct. 5, 1990.

Hugh B. Arnold, Donald D. Schwartz, Arnold & Kadjan, Chicago, Ill., for plaintiffs.

Chrisopher J. Bischoff, James A. Wille, Siegel and Wille, Northbrook, Ill., for defendants.

Carla J. Rozycki, A. Benjamin Goldgar, Keck, Mahin & Cate, Chicago, Ill., for garnishee-defendant R.W. Edwards Const.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

On November 28, 1989, the court entered judgment in favor of plaintiffs and against defendants Beverly Cunha ("Cunha") and Beecher Painting and Decorating, Inc. ("Beecher") in the amount of $28,402.32. On December 15, 1989 the Clerk of the District Court issued a garnishment summons against garnishee R.W. Edwards Construction Co. ("Edwards") and the garnishment summons was served on December 18, 1989. On December 29, 1989 Edwards filed a sworn answer to the interrogatories which were attached to the summons admitting that it owed defendant Beecher $6965.00 and that payment was due in thirty days (by about January 28, 1990). Despite the garnishment summons, Edwards paid Beecher the money it owed, presumably on or before the date it was due. On February 7, 1990, Cunha and Beecher filed bankruptcy petitions under Chapter 7 of the Bankruptcy Code. On March 12, 1990 plaintiffs filed the instant motion for a turnover order against Edwards.

### Illinois Garnishment Law

The Illinois Garnishment statute provides:

> To the extent of the amount due upon the judgment and costs, the garnishee shall hold, subject to the order of the court any non-exempt indebtedness or other non-exempt property in his or her possession, custody or control belonging to the judgment debtor or in which the judgment debtor has any interest. The judgment or balance due thereon becomes a lien on the indebtedness and other property held by the garnishee *at the time of the service of the garnishment summons* and remains a lien thereon pending the garnishment proceeding.

*Ill.Rev.Stat.*, Ch. 110, para. 12–707(a) (emphasis added). Illinois courts have interpreted this provision to mean that after service of a summons, "[t]he garnishee has a duty to hold the property subject to the entry of the garnishment judgment." *In re Marriage of Souleles*, 111 Ill.App.3d 865, 67 Ill.Dec. 485, 489, 444 N.E.2d 721, 725 (1st Dist.1982). "If [the garnishee] disburses the funds prior to final judgment, it does so at its peril." *Id.*, 67 Ill.Dec. at 490, 444 N.E.2d at 726. In the case at bar, Edwards wrongly disbursed the funds to Beecher after the summons was served and before the court entered an order directing Edwards to turn over the funds to plaintiffs. Given these facts, the court would normally issue a turnover order in favor of plaintiffs, but the intervening bankruptcy of defendants prevents the court from doing so at this time.

### The Effect of the Bankruptcy Petitions

The filing of a bankruptcy petition operates as a stay applicable to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of ..." the bankruptcy proceedings. *See* 11 U.S.C. § 362(a)(6). Because a garnishment proceeding is simply an "indirect proceeding or act to collect, assess and recover a claim against the debtor," it too must be stayed once a bankruptcy petition is filed. *In re O'Connor*, 42 B.R. 390, 392 (Bankr.E.D.Ark.1984). In fact, some courts have held that garnishment proceedings already begun before the bankruptcy petition is filed must be dismissed pending resolution of the bankruptcy petition. *See In re Baum*, 15 B.R. 538, 541 (Bankr.E.D. Va.1981); *In re Elder*, 12 B.R. 491, 495 (Bankr.M.D.Ga.1981).

Although the court will not require formal dismissal of the garnishment proceedings, the court will not take any action in furtherance of the proceedings until the bankruptcy proceedings are resolved. Plaintiffs argue that since Edwards already paid Beecher and made the bankruptcy estate whole, the turnover motion is an action strictly against Edwards and therefore it is not stayed by the bankruptcy proceedings. This argument would be more persuasive if plaintiffs had obtained a turnover order against Edwards before the filing of the bankruptcy petitions and were now simply seeking entry of a judgment against Edwards. However, plaintiffs did

234

not obtain an order directing Edwards to turn over the money it owed Beecher to plaintiffs before defendants filed for bankruptcy. Therefore, asking for a turnover order against Edwards at this point would still be considered an action against the bankruptcy estate. The court must respect the stay and cannot issue an order directing Edwards to turn over the funds it paid to Beecher in violation of the garnishment summons. The court recommends plaintiffs refile this motion after the resolution of the bankruptcy proceedings.