**In re Cheryl M. TAYLOR.**

**Bankruptcy No. 79–1996K.**

United States District Court,
E. D. Pennsylvania.

Nov. 12, 1980.

---

Ronald J. Harper, plaintiff, Philadelphia, Pa.

Mitchell W. Miller, Philadelphia, Pa., for defendant Philadelphia Public School Credit Union.

## MEMORANDUM

CLIFFORD SCOTT GREEN, Bankruptcy Judge.

In this appeal from an order dated March 7, 1980, appellant, the Public School Employees Credit Union (hereinafter "the Credit Union"), argues that the bankruptcy court erred in requiring it to release to the debtor, appellee Cheryl M. Taylor, payroll deductions it received on or after October 26, 1979. For the reasons stated herein, the order of the bankruptcy court is affirmed.

Cheryl M. Taylor filed a Chapter 13, 11 U.S.C. §§ 1301–1330, bankruptcy petition on October 26, 1979. Before this date, she had arranged for the Credit Union to make regular deductions from her paycheck in order to repay a loan she had obtained. After October 26, 1979 the Credit Union continued to take the payroll deductions until it received notice that the appellee's petition had been filed. On January 15, 1980 appellee filed in the bankruptcy court an application for release of these funds.[1] In an order dated February 19, 1980 the court granted the application and ordered the funds be released to the trustee. Upon consideration of appellee's memorandum in support of the application for release of funds and in reliance on 11 U.S.C. § 1306, the January 15, 1980 order was vacated on March 7, 1980 and the court ordered that the payroll deductions received on or after October 26, 1979 were property of the estate and ordered the Credit Union to pay said funds to appellee's counsel. The Credit Union timely filed notice of appeal to this court.[2]

The Credit Union argues that it should be allowed to retain the payroll deductions because it took them in good faith as it had not received notice that appellee had filed a bankruptcy petition when they were received and the funds were applied to appellee's outstanding indebtedness. The Bankruptcy Act provides that property of the debtor's estate includes earnings from personal services derived between the time that the petition was filed[3] and the case was closed. 11 U.S.C. § 1306(a)(2).[4] Further, unless a confirmed plan or an order confirming the plan provides otherwise, the estate property is to remain in the debtor's possession. 11 U.S.C. § 1306(b).[5] Therefore, I find no error in the bankruptcy court's order of March 8, 1980 as the appellee's bankruptcy case effectively began on October 26, 1979 when she filed her petition and it did not close before the appellant stopped receiving the payroll deductions. Further, it was proper to release the funds to the debtor's counsel for her benefit.

Appellant's argument that receipt of notice that a petition has been filed is the act

---

1. In her application for release of funds, appellee stated that she owed the credit union $1,000 and that it deducted $220 after her bankruptcy petition was filed. However, the Credit Union contends that appellee is indebted to it for $629.90 and that if the application is affirmed appellee's debt will be $834.75. Apparently, it is the Credit Union's position that it collected $204.85 in payroll deductions after October 26, 1979.

2. Before turning to the issues presented in this case, I note that counsel for both parties declined to submit briefs for this appeal; instead they chose to rely on the record and by letter dated September 30, 1980 counsel for the Credit Union informed this court that the parties had previously agreed that the issues in this case were identical to those presented in *In re Albert Shepherd*, Bankruptcy No. 79–01894K. Despite the fact that the parties failed to file a supplemental certification of pleadings, pursuant to Rule 510, in order to incorporate the *Shepherd* appeal briefs into the record for this case, I have considered those briefs for purposes of resolving the issues in the instant action.

3. Rule 13–101 provides that "[a] Chapter 13 case is commenced by filing a petition with the court seeking relief . . . ."

4. 11 U.S.C. § 1306(a)(2) and (b) provide:
   (a) Property of the estate includes, in addition to the property specified in section 541 of this title—
   (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title, whichever occurs first.
   (b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

5. *Id.*

which obligates it to refrain from accepting the deductions is contrary to the Act and rules. Rule 13–402 delineates the general duties of a debtor filing under Chapter 13. This provision does not require the debtor to give notice to the creditors; in fact the court is specifically charged with this function in Rule 13–203. It is readily apparent that the Congress wanted all the parties' rights and obligations to begin as of the date of filing a bankruptcy petition to avoid the possibility that a case would begin on different dates for each creditor.

