In re Nita B. SMITH, Debtor.

Nita B. SMITH, Plaintiff–Appellee, Cross–Appellant,

v.

FIRST AMERICA BANK, N.A., Defendant–Appellant, Cross–Appellee.

Nos. 88–1562, 88–2083.

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1989.

Decided May 26, 1989.

Robert A. Goering (argued), Cincinnati, Ohio, Edward Read Barton, Edward Read Barton, P.C., Allegan, Mich., for Nita B. Smith.

Stephen L. Langeland (argued), Walsh, Langeland, Walsh & Bradshaw, Kalamazoo, Mich., for First of America, Bank of Michigan, N.A.

Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Appellant First of America Bank ("Bank") repossessed and sold a vehicle which it had financed for appellee Nita B. Smith ("debtor" or "appellee"). The sale took place after debtor had filed for protection under Chapter 13 but before Bank received notice of the filing. The bankruptcy court denied Smith's motion to recover the vehicle or to return the proceeds of the sale to the estate. The District Court reversed, holding that the sale had violated the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a). Debtor cross-appeals from the District Court's affirmance of the bankruptcy court's award of costs against debtor's attorney. We affirm the District Court's holding that the sale violated the automatic stay, but we reverse the award of costs.

## I.

On September 4, 1986, Bank repossessed a vehicle which it had financed for debtor, giving debtor notice that it intended to sell the collateral on September 19, 1986. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 15, 1986, and obtained a restraining order the same day. Debtor's attorney received a copy of the restraining order on September 17, and immediately sent copies by first class mail to Bank and its agent, Michigan Creditor Services ("MCS").

MCS sold the vehicle on September 19, 1986, at 10:00 a.m. Later that same day, MCS received notice of the Chapter 13 filing and restraining order; Bank did not receive actual notice of the filing and restraining order until September 22, 1986.

Debtor filed a motion asking the bankruptcy court to void the sale as a violation of the automatic stay imposed by 11 U.S.C. § 362(a). The bankruptcy court denied the motion, holding:

> by the time the bank received notice of the sale—or the notice of this hearing, the sale had already taken place and the car had been delivered. I think that is too late.

Debtor moved for a rehearing and suggested that the proceeds of the sale be used to provide her with replacement transportation. Debtor argued that replacement transportation is essential to the success of the Plan, because public transportation to her workplace is not available. Under the Plan, Bank would have a first lien on the replacement vehicle. The bankruptcy court denied the motion and imposed costs on debtor's attorney for filing a motion for rehearing.

The District Court reversed, holding that the sale had been void under section 362(a) of the Bankruptcy Code. The court also reversed the bankruptcy court's denial of debtor's motion for rehearing, but it left in place the award of costs, 86 B.R. 92 (1988).

## II.

■ Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all for-

mal and informal actions against property of the bankruptcy estate. It is intended to "stop[ ] all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition … and formal service of process will not be required." 2 Collier on Bankruptcy ¶ 362.03 (15th ed. 1988) (footnotes omitted). Actions taken in violation of the automatic stay generally are void, even if the creditor had no notice of the stay. *See, e.g., In re Clark,* 60 B.R. 13, 14 (Bankr.N.D.Ohio 1986) (Creditor "had not known of Debtor's filing at the time of repossession but … it was, nonetheless, required to return the vehicle to Debtor."); *In re Advent Corp.,* 24 B.R. 612 (Bankr. 1st Cir. 1982) (acts in violation of automatic stay are void regardless of lack of knowledge); Collier, *supra,* ¶ 362.03 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.").

Appellant concedes that notice is ordinarily irrelevant under section 362(a), but asserts that to enforce the stay would be inequitable in the present case. Appellant relies principally on *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982), which held that a debtor may not abuse the bankruptcy code's protections by remaining "stealthily silent" while a creditor unknowingly violates the stay. In *Smith,* the creditor obtained a default judgment and execution from the state court, and a constable removed debtor's inventory to creditor's warehouse. An agent of the debtor observed the constable's actions but said nothing. Neither the creditor nor the constable were aware that the debtor had filed a bankruptcy petition four days earlier. The debtor sued the creditor for conversion, arguing that the state execution authorizing removal of the inventory had been automatically invalidated by section 362(a). While acknowledging the broad scope of the automatic stay, the court held

that the debtor could not avail himself of its protections where the creditor "[was] not only ignorant of the filing of the bankruptcy petition but this ignorance was directly attributable to the plaintiff's unreasonable behavior in these circumstances." *Smith,* 696 F.2d at 976. The court suspected that the debtor had remained silent in a bad faith attempt to obtain a pecuniary benefit from the creditor's actions.

> [Debtor] not only had advance notice of the proposed action, it apparently had an agent on hand while the property was moved. Yet [Debtor] made no effort to advise either [Creditor], the court, or the constable of the pending bankruptcy action until the property had been moved and stored. If successful in its conversion action, [Debtor] would extract from the innocent [Creditor] the full original cost of an inventory which may have become unmarketable.

*Smith,* 696 F.2d at 977. Bank argues that the equitable exception found in *Smith* applies to the present case, because debtor remained "stealthily silent" in spite of her knowledge that Bank planned to sell the vehicle.

■ Like the District Court, we conclude that *Smith* is inapposite. In *Smith,* the debtor made "no effort" to inform the creditor of the stay, although the debtor's agent knew it was being violated. Appellee, on the other hand, sent notice to the bank; it simply arrived too late. This conduct is better characterized as careless than stealthy. While appellee probably should have used a more swift and certain method to notify Bank, her conduct does not constitute the type of willful omission or fraud condemned by the *Smith* court. Moreover, unlike the debtor in *Smith,* appellee does not seek to exploit the creditor's ignorance for financial gain. She seeks only to recover the proceeds from the sale of the vehicle to provide substitute transportation essential to the success of her Plan. She will be in no better position than she would have been had Bank learned of the stay prior to the sale.[1]

---

1. *Matthews v. Rosene,* 739 F.2d 249 (7th Cir. 1984), also cited by appellant in support of its

equitable exception argument, is likewise inapposite. *Matthews* held that laches barred a

In light of the "fundamental" role of the automatic stay in the Code's debtor protection scheme, 474 U.S. at 503, 106 S.Ct. at 755, any equitable exception to the stay must be applied sparingly. Since the evidence does not suggest that the debtor attempted to exploit the stay to obtain an unfair advantage—or that debtor's delay in notifying Bank was willful rather than merely careless—equity does not compel the exception to the stay sought by Bank in this case. Therefore, the District Court correctly held that the foreclosure sale violated the automatic stay, and that the proceeds of the sale must be returned to the estate.

### III.

Debtor's cross-appeal challenges the District Court's affirmance of an award of costs in connection with debtor's motion for rehearing to be paid by debtor's attorney. The bankruptcy court's order does not make clear whether this amount represented costs or sanctions, but we conclude that either costs or sanctions would be inappropriate in this case. The District Court reversed the bankruptcy court's denial of the motion for rehearing; and when a judgment is reversed on appeal, any taxation of costs is also automatically vacated. *See, e.g., Furman v. Cirrito,* 782 F.2d 353, 355 (2d Cir.1986); *American Infra–Red Radiant Co. v. Lambert Indus., Inc.,* 41 F.R.D. 161, 162 (D.Minn.1966). Since debtor's motion for rehearing clearly was not frivolous, no basis for awarding sanctions exists.

Accordingly, we reverse that portion of the District Court's judgment which denied debtor's request to vacate the bankruptcy court's sanctions. In all other respects, the judgment of the District Court is AFFIRMED.

debtor's attempt to void a 33 month old state court judgment, where debtor had no excuse for his delay in claiming the protections of the automatic stay and continued to actively litigate in the state proceedings. In the present case, debtor asserted her claim promptly, and the doctrine of laches is inapplicable.