14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Garry R. ROSEMAN, Plaintiff-Appellee,
v.
Carolyn ROSEMAN, Defendant-Appellant.
 No. 93-5099.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 Before GUY and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 The plaintiff, Garry Roseman, appeals, pro se,[1] the district court's dismissal of his complaint against Carolyn Roseman (defendant), his ex-wife and creditor of his bankruptcy estate. The plaintiff alleges that the defendant violated the automatic stay provisions of 11 U.S.C. Sec. 362 by seeking and obtaining an absolute divorce, child support and alimony from him in a Maryland state court after he filed bankruptcy proceedings in Tennessee. The district court affirmed the bankruptcy court's dismissal of the plaintiff's claim finding an equitable exception to the enforcement of the bankruptcy stay. On appeal, plaintiff argues that there should be no equitable exception to the automatic stay under the circumstances of this case.
 
 I.
 
 2
 The following facts are not in dispute. The plaintiff instituted divorce proceedings against the defendant in a Maryland state court in May, 1989.[2] The Rosemans thereafter agreed to a custody arrangement and placed the proceeds from the sale of their home and the proceeds from the plaintiff's profit sharing plan in an escrow account. The plaintiff also agreed to pay the defendant child support. On December 4, 1990, the plaintiff filed for bankruptcy under Chapter 7 of the Bankruptcy Code in Memphis and notified the defendant and her counsel.
 
 
 3
 In January, 1991, the defendant instituted a contempt action against the plaintiff in the Maryland court for non-payment of child support in which the plaintiff filed a motion to quash the show cause order. The plaintiff stated that "his rights to due process have been violated" and that the past-due child support "has been continuously available to the [defendant] from jointly held escrow funds controlled by [the defendant's] counsel." The plaintiff, however, never mentioned his pending bankruptcy action. Following a contempt hearing, the Maryland court authorized the plaintiff to remove $7,590.00 from the escrow account to satisfy his child support arrearage, also permitting the defendant to withdraw $7,590.00 from the same account to ensure that no portion of her half of the marital property was used to satisfy the plaintiff's child support obligations. The plaintiff remained silent about his pending bankruptcy proceeding in Tennessee during the entire course of the divorce and custody proceedings.
 
 
 4
 Between April and August of 1991, the plaintiff actively pursued his divorce action by filing numerous motions and pleadings. On August 9, 1991, the Maryland court, in a judgment of absolute divorce, awarded $20,691.00 of the escrow fund to the plaintiff and the same amount to the defendant. In addition, the court ordered the plaintiff to pay increased child support, alimony of $400.00 per month and $12,000.00 in attorney's fees. The plaintiff filed a "Notice of Objection" in which he stated for the first time that the portion of the escrow fund that was determined to be his equitable share, approximately $41,382.00, had been placed under the jurisdiction of the bankruptcy court on December 4, 1990.
 
 
 5
 On November 21, 1991 the bankruptcy court sua sponte, ordered the plaintiff to show cause why he should not be held in contempt for violation of the automatic stay for prosecuting his complaint for divorce pending in Baltimore County, Maryland. The plaintiff responded and filed a motion in the bankruptcy court to declare the Maryland divorce judgment void.[3] The plaintiff also filed a complaint against the defendant for declaratory, injunctive, and monetary relief from actions taken against him as debtor in violation of 11 U.S.C. Sec. 362. The plaintiff argued that the Maryland court judgments dated February 4 and August 9, 1991, should be set aside because they were issued in violation of the Sec. 362 automatic stay provision. After a hearing, the bankruptcy court concluded that although actions of this general nature taken in violation of Sec. 362 are usually void, it would be inequitable to void the judgment of the Maryland court because the plaintiff actively litigated the divorce "through and beyond the entry of the decree in August, 1991." The district court affirmed the bankruptcy court's finding of an equitable exception to the automatic stay under the circumstances. For the reasons stated below, we affirm.
 
 II.
 
 6
 Section 362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial .. action or proceeding against the debtor that was or could have been commenced" before the debtor filed for protection under the bankruptcy laws. 11 U.S.C. Sec. 362(a)(1). There appears to be some division among the circuits whether actions in violation of an automatic stay are void or voidable. Most of the circuits decisions have held that actions taken in violation of the automatic stay are void. Raymark Industries, Inc. v. Lai, 973 F.2d 1125, 1132 (3d Cir.1992); In re Schwartz, 954 F.2d 569, 574 (9th Cir.1992); In re 48th Street Steakhouse, Inc., 835 F.2d 427, 431 (2d Cir.1987), cert. denied, 485 U.S. 1035 (1988); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir.1982); see also In re Potts, 142 F.2d 883, 888, 890 (6th Cir.1944), cert. denied, 324 U.S. 868 (1945). The Fifth Circuit, however, has held that judicial actions taken during the pendency of the stay are voidable. Sikes v. Global Marine, 881 F.2d 176, 178 (5th Cir.1989).
 
 
 7
 In Easley v. Pettibone Michigan Corporation, 990 F.2d 905 (6th Cir.1993), we followed the Sikes rationale, characterizing violations of the automatic stay as voidable. One of the reasons given for this change was the recognition that several circuits which hold that violations of the stay are void, nevertheless have recognized an exception to the stay on equitable grounds. Id. at 910; see In re Calder, 907 F.2d 953 (10th Cir.1990); In re Smith, 876 F.2d 524 (6th Cir.1989); Matthews v. Rosene, 739 F.2d 249 (7th Cir.1984) (on laches principles); In re Smith Corset Shops, 696 F.2d 971, 976 (1st Cir.1982). The Easley court reasoned that if the court has jurisdiction to annul a stay on equitable grounds, "such actions can only be described as invalid and voidable, since void actions are incapable of later cure or validation." Easley, 990 F.2d at 909.
 
 
 8
 In Calder, Matthews, and Smith Corset Shops the bankruptcy court acted within its equitable jurisdiction to lift the stay while the bankruptcy proceedings were taking place. In Smith Corset Shops, the First Circuit, affirmed the bankruptcy court's holding that an equitable exception to the automatic stay arises when the plaintiff intentionally remains "stealthily silent" while a creditor obtains a default judgment and execution from a state court and makes no effort to inform the defendant or the court of his impending bankruptcy. 696 F.2d at 977. The court also stated that it did not "think Congress envisioned any such misuse of the automatic stay." Id.
 
 
 9
 Calder affirmed the finding of an equitable exception when the debtor "actively litigated the state court action and did not provide notice of the pending Chapter 13 proceeding until just before the state court was to enter a final judgment." In re Calder, 907 F.2d at 956. The court reasoned that the debtor "must bear some responsibility for his unreasonable delay in asserting his rights under section 362(a)" Id. The Calder court further noted that "[t]o hold otherwise and permit the automatic stay provision to be used as a trump card played after an unfavorable result was reached in the state court, would be inconsistent with the underlying purpose of the automatic stay which is to give the debtor a breathing spell from his creditors." Id. at 956-57.
 
 
 10
 Matthews, affirmed the bankruptcy court's finding that a debtor, who initiated a state court proceeding to determine his interest in certain land while in Chapter 13 proceedings, and who "unreasonably and inexcusably delayed asserting his claim," was guilty of laches. Matthews, 739 F.2d at 251. As a result, the court refused to nullify a three-year-old state order in favor of the creditor.
 
 
 11
 We discussed the "equitable exception" first in In re Smith, 876 F.2d 524 (6th Cir.1989), and later in Easley v. Pettibone Michigan Corp., 990 F.2d 905 (6th Cir.1993). In both cases, this Court cautioned that "any equitable exception to the stay must be applied sparingly." Easley, 990 F.2d at 910; Smith, 876 F.2d at 527. We stated that a bankruptcy court may not set aside the automatic stay unless the debtor has (1) attempted to exploit the stay to gain an unfair advantage or (2) fraudulently or willfully delayed asserting the stay as a defense. Smith, 876 F.2d at 526.
 
 
 12
 In Easley v. Pettibone Michigan Corp., 990 F.2d 905 (6th Cir.1993), we again recognized but again rejected, under the facts, the application of an equitable exception to the automatic stay. In Easley, the debtor filed for protection under Chapter 11 in the bankruptcy court for the Northern District of Illinois before the plaintiffs filed their state court claim. The plaintiffs were unaware, however, of the debtor's pending bankruptcy reorganization. The bankruptcy court granted the plaintiffs' leave to file a late claim against the debtor, but denied their request for a modification of the stay. After the reorganization was complete, the debtor filed a notice of removal of the state court action to the district court. The debtor also filed an adversary complaint in bankruptcy court in Illinois seeking relief from the plaintiffs' state claim on the grounds that it was filed in violation of the automatic stay and therefore void. The district court affirmed. The Seventh Circuit vacated, holding that the bankruptcy court was without jurisdiction retroactively to set aside the stay. Thereafter, the debtor moved to dismiss the plaintiffs' action in the Eastern District of Michigan.
 
 
 13
 We held that a bankruptcy court could set aside a stay retroactively on equitable grounds. We stated that an equitable stay is appropriate "only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result." Easley, 990 F.2d at 991. We affirmed the district court's refusal to find an equitable exception, noting that as soon as the debtor was made aware of the plaintiffs' lawsuit it notified the plaintiffs' that the action was in violation of the stay.[4]
 
 III.
 
 14
 Like the debtor in Smith and Easley, the plaintiff notified the defendant of the bankruptcy petition. The plaintiff, however, did not move to have the bankruptcy court declare the defendant's actions void in state court. The plaintiff, moreover, actively took part in the divorce proceedings never seeking protection under the automatic stay and making no effort to inform the state court of his pending bankruptcy until August, 1991, after the judgment of absolute divorce. Up until that time, the plaintiff was fully involved in litigating the divorce and the issues relating to it on substantive grounds. The plaintiff, in effect, misled the defendant into believing that he would not rely on the stay. See Easley, 990 F.2d at 911. The plaintiff sought his own advantage in state court throughout. When the plaintiff filed a pro se motion to quash a show cause order for contempt for failure to pay child support, he took the position in state court that the funds in the escrow account could be released to pay and satisfy his prior delinquent arrearage in support.
 
 
 15
 The plaintiff indicated, furthermore, that if the stay were enforced he intended to file for divorce in Tennessee. The bankruptcy court noted that such a tactic raised due process and fairness concerns. If the plaintiff, who filed for divorce in Maryland, moved to Tennessee, filed bankruptcy in Tennessee, and then was permitted to stay the Maryland divorce decree only to refile for divorce in Tennessee, he would force the defendant to re-litigate the divorce and custody matters in Tennessee. The bankruptcy court concluded that, under these circumstances, this deceptive conduct of the plaintiff offended the court's notion of fair play and substantial justice.
 
 
 16
 In addition to these concerns, the bankruptcy court noted other practical implications of enforcing the stay--the Rosemans would still be married, contrary to the wishes of both parties. Had the plaintiff been forthcoming with the bankruptcy court when he filed bankruptcy proceedings, the court might then have lifted the stay and let the Maryland court proceed with the divorce, the custody decision, and an equitable determination of support and alimony. See In re Calhoun, 715 F.2d 1103 (6th Cir.1983); In re Fitzgerald, No. 92-6520, slip. op. (6th Cir. Nov. 10, 1993). In this case, however, the divorce court acted after the filing of the bankruptcy petition and granted the divorce and decided related questions, doing exactly what the bankruptcy court stated that it would have allowed them to do. The plaintiff argues that the court should declare the divorce decree void. Under these unusual circumstances, understandably the plaintiff's actions were viewed as unfair and inequitable.
 
 
 17
 The bankruptcy court was particularly troubled that the bankruptcy petition initiated by the plaintiff came about long after he filed for divorce, but the plaintiff never asserted the stay as a defense nor did he move to have the defendant's actions declared void until after a divorce decree was granted.[5] This, coupled with the plaintiff's other actions, made it apparent that the plaintiff was "stealthily silent" in the Maryland domestic relations court.
 
 IV.
 
 18
 Our standard of review of bankruptcy decisions differs from our normal method because district courts are not the triers of fact in bankruptcy cases. Investors Credit Corporation v. Batie (In re Batie), 995 F.2d 85, 88 (6th Cir.1993). Because we are in the same position as the district courts and review the factual findings of the bankruptcy courts, we adopt a clearly erroneous standard. In re Barrett, 964 F.2d 588, 591 (6th Cir.1992). On the other hand, we review all legal conclusions of the bankruptcy court and the district court de novo. In re Batie, 995 F.2d at 88. Whether an equitable exception may be found to grant an application of the automatic stay under Sec. 362 is a question of law and subject to de novo review. The finding of underlying circumstances which may exist is a question of fact which will only be disturbed on appeal if clearly erroneous.
 
 
 19
 We emphasize that any equitable exception is applied sparingly. Easley, 990 F.2d at 910. A pending divorce proceeding in the bankruptcy context presents frequent problems for the domestic relations court and the bankruptcy court.[6] This situation requires prompt and forthright actions by the debtor-petitioner. While we adhere to the Easley standard, we affirm application of an equitable exception when a debtor: (1) withholds notice of the stay from a state court until after the entry of a decree of absolute divorce, child support and alimony; (2) uses the stay as a litigation tactic unfairly; and (3) has not entered into a property settlement agreement in an attempt to defraud other creditors. The exception is recognized only when the state court's disposition of the marital assets was appropriate in light of the rights of other creditors, and the enforcement of the stay would offend the due process notions of fair play and substantial justice. It should be noted that these conditions all apply in the divorce and bankruptcy stay situation. None of the cases cited which discuss the equitable exception to a bankruptcy stay have dealt with this troublesome area of bankruptcy--state domestic relations court responsibility.
 
 
 20
 The district court and the bankruptcy court addressed each of these concerns. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In this case, the bankruptcy judge commented that "if the Court was making a judicial finding, [Mr. Roseman] was the most sophisticated pro se debtor [he] had ever seen or heard of."
 
 
 [2]
 At some point after filing for divorce, the plaintiff moved to Memphis, Tennessee
 
 
 [3]
 The motion also asked the bankruptcy court to declare void a post-petition judgment entered in Maryland on February 4, 1991, which distributed approximately $15,000.00 of estate assets in violation of the automatic stay. That violation was at issue in a suit brought by the bankruptcy trustee against the defendant for recovery of assets. The suit was settled June 15, 1992, by an agreement of the defendant to return approximately $10,000.00 of estate assets
 
 
 [4]
 In addition, the debtor moved to have the plaintiffs' action declared void after the thirty day grace period expired
 
 
 [5]
 The plaintiff argued this was due to bad legal advice
 
 
 [6]
 Apparently bankruptcy filings are becoming a common litigation tactic in divorce proceedings. See e.g., Herndon Inge, III, When is a Bankruptcy Lurking in the Shadows of a Divorce Case? 53 Ala.Law. 418 (Nov. 1992)