**In re Jonathan D. O'NEAL and Laura J. O'Neal, Debtors.**

**Jonathan D. O'NEAL and Laura J. O'Neal**

v.

**BENEFICIAL OF TENNESSEE, INC., Defendant.**

**Bankruptcy No. 393–04785. Adv. No. 393–0344A.**

United States Bankruptcy Court, M.D. Tennessee.

Jan. 5, 1994.

Lynda F. Jones, Nashville, TN, for debtors.

John H. Lowe, Goodlettsville, TN, for defendant.

AMENDED [1] MEMORANDUM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING COMPLAINT FOR TURNOVER OF PROPERTY AND FOR SANCTIONS FOR VIOLATION OF 11 U.S.C. § 362

GEORGE C. PAINE, II, Chief Judge.

The debtors, Jonathan D. and Laura J. O'Neal, have brought this adversary proceeding in response to a $116.00 loan payment automatically withdrawn from their personal checking account after they filed Chapter 13. The automatic withdrawal was to pay a pre-petition loan entered into with Beneficial of Tennessee, Inc. The debtors asserted that Beneficial's post-petition receipt of the loan payment was in violation of the automatic stay imposed by 11 U.S.C. § 362. A hearing on this matter was held on August 24, 1993.

After consideration of the entire record, the court finds that the $116.00 automatic loan payment withdrawn from the debtors' checking account should be immediately returned to the debtors and sanctions to make the debtor whole should be imposed on Beneficial in the amount of the debtors' actual damages arising from the stay violation, including attorneys' fees and costs. The following shall constitute findings of fact and conclusions of law pursuant to Fed.R.Bankr. Proc. 7052.

## FACTS

The parties have stipulated to the underlying facts giving rise to this proceeding. In July, 1992, the debtors entered into an installment loan with Beneficial. At the same time, the debtors gave written instructions to their depository bank, Dominion Bank, to make automatic monthly wire transfers in the amount of $116.00 from their personal checking account at Dominion to Beneficial. The debtors filed Chapter 13 on June 17, 1993. Beneficial received proper notice of the filing on June 24, 1993. On July 2, 1993, an automatic withdrawal of $116.00 was made from the debtors' checking account and was

received by Beneficial as a payment on the debtors' loan.

Beginning on July 6, Dominion Bank returned several checks drawn on the debtors' account for insufficient funds. As a consequence of these returned checks, the debtors incurred vendor charges totalling $210.00 and bank charges of $437.00, for a total of $647.00.

Dominion Bank's first overdraft notice sent to the debtors was dated July 6. The parties, however, stipulate that the debtors did not learn of any overdraft problems on their account until July 9. The debtors notified Beneficial of their problem via debtors' attorney on July 12. Beneficial retained this loan payment until some time after July 13, at which time Beneficial forwarded $116.00 to the Chapter 13 trustee.

The debtors claim that the withdrawal of the $116.00 from their checking account and Beneficial's subsequent failure to immediately return these funds caused the $647.00 of vendor and bank charges and other consequential damages. The debtors have filed an adversary proceeding against Beneficial seeking the following: 1) a refund of the $116.00 automatically withdrawn from the debtors' checking account, and 2) compensatory damages, punitive damages, attorneys fees, and court costs for violation of the automatic stay imposed by § 362(a).

## DISCUSSION

Before considering the issue of damages, the court must first decide whether Beneficial has violated the automatic stay. Under 11 U.S.C. § 362(a)(6), the filing of a bankruptcy petition operates as a stay of "*any act to collect,* assess, or recover *a claim against the debtor* that arose before the commencement*" of the bankruptcy proceeding. (emphasis added). Beneficial argues that it did not violate the stay because it took no direct action against the debtors to collect the debt. Rather, it inadvertently received an automatic loan payment as a consequence of a pre-petition loan transaction with the debtors. Moreover, the debtors, after filing

---

**1.** Amended pursuant to an order resolving the Motion to Reconsider filed by Defendant and

heard on November 16, 1993.

bankruptcy, failed to instruct Dominion Bank to stop the automatic loan payments. Thus, according to Beneficial, the July 6 withdrawal constituted a voluntary payment by the debtors under 11 U.S.C. § 524(f) and was not in violation of the stay.

This court, however, disagrees with Beneficial's understanding of the scope of the automatic stay. The Sixth Circuit has recognized that the scope of the automatic stay in protecting the property of the debtor is broad. *In re Smith,* 876 F.2d 524, 525 (6th Cir.1989). Furthermore, courts in other jurisdictions have consistently extended the scope of the automatic stay to prohibit transactions in which a creditor received a post-petition automatic loan payment to pay a pre-petition debt. The court in *Matter of Holland,* 21 B.R. 681, 687 (Bankr.N.D.Ind.1982), a case analogous on the issue of violation of the stay though it involved a Chapter 7, held:

> Given the broad language of Section 362(a)(6), i.e. stay of *any act* to collect, and given the fact that Congress itemized the only exceptions to the otherwise broad language, this Court concludes that the transaction by a creditor of post-petition money received pursuant to a pre-petition automatic withdrawal-loan repayment arrangement to pay a pre-petition debt owed to that creditor is a violation of the automatic stay unless there is clear evidence that, post-petition, the debtor actually demonstrated his or her willingness to voluntarily have post-petition earnings applied to a dischargeable pre-petition debt.

*See e.g., Matter of Hellums,* 772 F.2d 379, 380–82 (7th Cir.1985) (Chapter 7 case); *In re Briggs,* 143 B.R. 438, 459–60 n. 30 (Bankr. E.D.Mich.1992) (Chapter 7 case).

Consequently, Beneficial's post-petition receipt of an automatic loan payment from the debtors' checking account, while Beneficial was aware of the debtors' bankruptcy filing, constituted an "act to collect ... a claim against a debtor," thereby violating the stay under § 362(a)(6). *See Holland,* 21 B.R. at 687. An exception would exist only if the debtors, post-petition, had clearly expressed to Beneficial a willingness to make voluntary payments under § 524(f). *See id.* In fact, the Seventh Circuit's holding in *Hellums,* 772

F.2d at 382, requires that a creditor obtain some "positive indication" that a debtor intends to voluntarily assume his pre-petition debts. Clearly, the debtors' mere failure to instruct Dominion Bank to stop the automatic loan payments was not an expression or indication of their willingness to voluntarily pay the pre-petition debt. Accordingly, the court finds that Beneficial's receipt of the debtors' automatic loan payment constituted a stay violation under § 362(a)(6).

Specifically in Chapter 13 cases, courts also have held that creditors who receive pre-petition automatic loan payments after filing, without express authorization from the debtor, violate the automatic stay under 11 U.S.C. § 362(a)(3). *In re Shepherd,* 12 B.R. 151, 153 (E.D.Penn.1981); *In re Taylor,* 7 B.R. 506, 507 (E.D.Pa.1980). § 362(a)(3) stays a creditor from "any act to obtain possession of property of the estate." Since under 11 U.S.C. § 541(a)(1), property of the estate broadly includes "all legal or equitable interests of the debtor in property as of the commencement of the case," a debtor's post-petition checking account deposits would be property of the estate. *Shepherd,* 12 B.R. at 153. Therefore, § 362(a)(3) would stay Beneficial from dispossessing the debtors of their checking account deposits. *See id.* Consequently, the court finds that Beneficial has violated the automatic stay imposed by the debtors' Chapter 13 filing under § 362(a)(3), as well as under § 362(a)(6).

Other courts have made similar findings in cases dealing with the post-petition garnishment of a debtor's wages. Transactions in which a creditor receives a post-petition automatic loan payment to pay a pre-petition debt are analogous to transactions in which a creditor continues, post-petition, to receive pre-petition garnishments of a debtor's wages. Courts have widely held that a creditor with notice of a bankruptcy filing whose inaction allows a pre-petition garnishment to proceed unhindered post-petition violates the stay. *E.g., Chicago Painters' and Decorators' Pension Plan v. Cunha,* 121 B.R. 232, 233 (N.D.Ill.1990); *In re Elder,* 12 B.R. 491, 496 (Bankr.M.D.Ga.1981). The post-petition receipt of a pre-petition garnishment,

even though no direct action was taken post-petition to collect it, is still an "act to collect ... a claim against the debtor" under § 362(a)(6) and thus violates the stay. *E.g., Chicago Painters',* 121 B.R. at 233; *Elder,* 12 B.R. at 496. By analogy, the court concludes that the post-petition receipt of a pre-petition automatic loan payment also should be considered an "act to collect" that violates the stay.

▮ The court now considers the issue of what relief should be afforded the debtors. The debtors seek two forms of relief: 1) a refund of the $116.00 automatic loan payment, and 2) damages. As to the $116.00 refund, the court finds in favor of the debtors. Actions taken by a creditor in violation of the stay are void, even when the creditor had no notice of the bankruptcy filing. *E.g., In re Smith,* 876 F.2d 524, 526 (6th Cir.1989). The automatic withdrawal of $116.00, being a void transaction, should be treated as if it never happened.

Furthermore, in a Chapter 13, the debtor remains in possession of the property of the estate upon filing a Chapter 13. 11 U.S.C. § 1306(b) (Norton 1992–93). Since, as shown above, the debtors' checking account deposits are property of the estate, the $116.00 should remain in the debtors' possession. *See Shepherd,* 12 B.R. at 153. Accordingly, the court orders the immediate payment of $116.00, currently held by the trustee, to the debtors.

As to the debtors' request for damages, the court also finds in favor of the debtors with respect to their request for compensatory damages, attorneys' fees, and costs. Compensatory damages will consist of the debtors' actual damages arising out of Beneficial's violation of the automatic stay. Debtors' request for punitive damages is denied.

The use of an automatic loan payment system is a relatively new and quickly expanding method for debt collection among financial institutions. This is not surprising because such automatic withdrawals greatly reduce the incidence of delinquent consumer loans by ensuring timely and accurate loan payments.

▮ However, automatic debt collection methods can have a relatively harsh impact both on debtors and on the bankruptcy estate. As set out in the legislative history of § 362,

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. pp. 5787, 5963, 6296–97. When a creditor continues to receive automatic loan withdrawals after notice of the debtor's filing, the "fundamental debtor protections" provided by the automatic stay are violated. When such protections are violated, the court is obligated to impose sanctions to make the debtor whole. *See Matter of Holland,* 21 B.R. 681, 689 (Bankr.N.D.Ind.1982); *In re Elder,* 12 B.R. 491, 496 (Bankr.M.D.Ga.1981); 11 U.S.C. § 362(h) (Norton 1992–93).

▮ Creditors should have the burden and responsibility of ensuring that no post-petition automatic loan payments are withdrawn from a debtor's checking account, absent the debtor's clear, post-petition consent to do so. The creditor should take whatever action is necessary and appropriate to achieve this goal. Failure to do so will lead to the imposition of sanctions in the form of the debtor's actual damages, including attorneys' fees and costs.

Accordingly, this court will enter an order imposing against Beneficial actual damages, attorneys' fees, and costs arising from their violation of the automatic stay. Further, the court will order debtors' counsel to prepare a judgement reflecting the actual damages proven by the debtors as to vendor and bank charges and to attach an affidavit reflecting any and all attorneys' fees and costs for bringing this case to trial.

It is, THEREFORE, so ordered.

## ORDER

In accordance with the memorandum filed contemporaneously herewith, the debtor/plaintiff's Complaint for Turnover of Property and for Sanctions for Violation of 11 U.S.C. § 362 is granted.

IT IS, THEREFORE, SO ORDERED.