**In re Terry Wayne WHITEFIELD and, Carol Wright Whitefield, Debtors.**

**Bankruptcy No. 393–07456.**

United States Bankruptcy Court, M.D. Tennessee.

April 7, 1994.

Richard Baranyi, Hendersonville, TN, for debtors.

Kathleen A. Ayres, Asst. Atty. Gen., Tax Div., Bankruptcy Unit, Nashville, TN.

James Davidson Lane, II, Jennings, Lane & Ramer, P.C., Nashville, TN, for Tonja L. Whitefield.

## MEMORANDUM GRANTING THE DEBTORS' PETITION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY

GEORGE C. PAINE, II, Chief Judge.

## I. INTRODUCTION

The question presented is whether Eleventh Amendment sovereign immunity bars a federal bankruptcy court from issuing a money judgement against a state for attorney's fees incurred in litigation awarding declaratory or injunctive relief for the state's violation of the automatic stay imposed by 11 U.S.C. § 362(a). Sovereign immunity is not a bar to such relief. The following are findings of fact and conclusions of law. Fed. R.Bankr.P. 7052.

## II. FINDINGS OF FACT

Terry Wayne Whitefield (the "debtor") and Carol Wright Whitefield, filed a joint Chapter 13 bankruptcy petition on September 27, 1993. The petition listed Tonja Whitefield, the debtor's former spouse, as a creditor to whom the debtor owed a child support arrearage and continuing child support payments.

Prior to and following the debtor's bankruptcy, the Child Support Division of the Sumner County Office of the District Attorney General in Gallatin, Tennessee assisted Tonja Whitefield in collecting the arrearage and payments. The Child Support Division is a governmental branch of the State of Tennessee (the "state") charged with collecting child support on behalf of state citizens.

On October 28, 1993, after being notified of the debtor's bankruptcy, the Child Support Division filed two proofs of claim with the bankruptcy court on behalf of Tonja Whitefield. These proofs of claim represented the following child support obligations owed by the debtor: (1) a child support arrearage of $2,945.73 and (2) a continuing child support obligation of $52.50 per week.

The debtor's Chapter 13 plan was confirmed on November 2, 1993 and provided for the repayment of Tonja Whitefield's child support arrearage and payments. A copy of the Order Confirming Chapter 13 Plan was sent to the Child Support Division shortly thereafter. Line four of the order stated, "Case to be dismissed without further hearing, upon filing of notice of trustee of default in payments."

As a general practice, when a bankruptcy is filed, the Child Support Division takes all necessary administrative and procedural precautions to avoid violating the automatic stay imposed by 11 U.S.C. § 362(a). In this case, however, a case worker inadvertently misinterpreted the above language in line four of the order to mean that the debtor's Chapter 13 case had been dismissed.

Thinking the automatic stay was lifted, the Child Support Division executed a contempt oath and a wage assignment against the debtor to collect the child support arrearage and payments due Ms. Whitefield. Both documents were filed with the Sumner County Circuit Court. Upon discovering that the debtor's Chapter 13 bankruptcy was not dismissed, the Child Support Division withdrew the contempt oath and wage assignment.

On November 29, 1993, the debtor filed a contempt petition in bankruptcy court

against the Child Support Division and Tonja Whitefield for violation of the automatic stay.[1] The debtor sought declaratory relief relating to the alleged stay violations and a money judgement against the state of reasonable attorney's fees incurred in bringing the petition. The debtor did not seek compensatory damages because the contempt oath and wage assignment apparently were withdrawn before causing any injury to the debtor.

A hearing on the debtor's contempt petition was held on January 3, 1994. At the close of proof, the court granted declaratory relief in the debtor's favor. The court found that the Child Support Division had inadvertently, but not willfully, violated the automatic stay imposed by 11 U.S.C. § 362(a)(1) and (a)(6). The court noted that even unintentional or inadvertent violations of the automatic stay resulted in the imposition of monetary damages, including attorney's fees, against the violator. *See O'Neal v. Beneficial of Tennessee (In re O'Neal)*, 165 B.R. 859 (Bankr.M.D.Tenn.1994). The state, however, claimed that sovereign immunity barred any monetary award of attorney's fees against the state.

### III. CONCLUSIONS OF LAW

The Supreme Court has long held that Eleventh Amendment[2] sovereign immunity was not a bar to the entry of declaratory or injunctive relief against a state, as such relief was prospective in nature. *E.g., Milliken v. Bradley*, 433 U.S. 267, 289–90, 97 S.Ct. 2749, 2761–62, 53 L.Ed.2d 745 (1977); *Edelman v. Jordan*, 415 U.S. 651, 663–64, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Court traditionally has drawn a distinction between retroactive monetary relief, barred by sovereign immunity, and prospective declaratory or injunctive relief, allowed against a state. *E.g., Edelman*, 415 U.S. at 663–64, 94 S.Ct. at 1355–56.

Expanding on this distinction, the Court has held that a federal court can issue a money judgement against a state for attorney's fees incurred in litigation resulting in declaratory or injunctive relief against the state for violating federal law. *Missouri v. Jenkins*, 491 U.S. 274, 278, 109 S.Ct. 2463, 2466, 105 L.Ed.2d 229 (1989); *Hutto v. Finney*, 437 U.S. 678, 695, 98 S.Ct. 2565, 2575–76, 57 L.Ed.2d 522 (1978). Attorney's fees incurred in a suit awarding declaratory or injunctive relief constituted "reimbursement of 'expenses incurred in litigation seeking only prospective relief,' rather than 'retroactive liability for prelitigation conduct.'" *Jenkins*, 491 U.S. at 278, 109 S.Ct. at 2466 (quoting *Hutto*, 437 U.S. at 695, 98 S.Ct. at 2576). As the *Jenkins* Court further stated, "it must be accepted as settled that an award of attorney's fees *ancillary to prospective relief* is not subject to the strictures of the Eleventh Amendment." *Id.* 491 U.S. at 279, 109 S.Ct. at 2466–67 (emphasis added). *See also* Note, *Attorneys' Fees and the Eleventh Amendment*, 88 Harv.L.Rev. 1875, 1893–96 (1975).

Under this analysis, a bankruptcy court can award attorney's fees against a state that violated the automatic stay, as long as the award is ancillary to prospective relief. *Colon v. Hart (In re Colon)*, 114 B.R. 890, 892 (Bankr.E.D.Penn.1990); *James v. Draper (In re James)*, 112 B.R. 687, 699 (Bankr. E.D.Penn.1990); *Illinois Dep't of Pub. Aid v. Ellis (In re Ellis)*, 66 B.R. 821, 822–23 n. 4 (N.D.Ill.1986). This is true even though the state is immune from monetary damage awards under the Eleventh Amendment. *Colon*, 114 B.R. at 892.

In finding that the Child Support Division violated the automatic stay imposed by § 362(a), the court entered prospective, declaratory relief against the state. A money judgement against the state for the petitioner's attorney's fees incurred in bringing this

---

1. The debtor was joined in the contempt petition by his current wife, Carol Wright Whitefield, the joint debtor in the present Chapter 13 case.

2. The Eleventh Amendment to the United States Constitution states:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."
U.S. Const. amend. XI.

litigation would be ancillary to prospective relief and, therefore, appropriate notwithstanding the bar of sovereign immunity.

Accordingly, the court orders the state to pay the petitioners $200.00 for attorney's fees incurred in bringing this suit. Any other attorney's fees owed by the petitioners may be repaid as an administrative expense in the debtor's Chapter 13 plan. The petitioner's attorney may file a proof of claim for payment out of the plan.

■ As to Tonja Whitefield's liability for violating the automatic stay, the court finds insufficient evidence that Ms. Whitefield actively initiated or took direct action to cause the stay violations at issue. The evidence showed that the Child Support Division filed the contempt oath and wage assignment on behalf of Mrs. Whitefield. Accordingly, the court finds no basis for sanctions against her for violation of the automatic stay.

IT IS SO ORDERED.

### ORDER

In accordance with the memorandum filed contemporaneously herewith, the court orders the state to pay the petitioners $200.00 as compensation for attorney's fees incurred in bringing this suit for violation of the automatic stay imposed by 11 U.S.C. § 362(a).

IT IS, THEREFORE, SO ORDERED.