**In re Martin/Laura WCISLAK, Debtor(s).**

**Martin Wcislak, et al., Plaintiff(s)**

**v.**

**City of Perrysburg, Defendant(s).**

**Nos. 10–3120, 08–35944.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 18, 2010.

Martin A. Wcislak, Perrysburg, OH, pro se.

Laura L. Wcislak, Perrysburg, OH, pro se.

Mathew B. Beredo, City of Perrysburg, Perrysburg, OH, Michael W. Bragg, Spen-

gler Nathanson P.L.L., Toledo, OH, for Defendant.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Motion of the Defendant for Summary Judgment. (Doc. No. 7). The Defendant's Motion is brought against the Plaintiffs' complaint for a violation of the automatic stay. In support of its Motion for Summary Judgment, the Defendant filed a Memorandum of Support. The Plaintiff then filed an untimely response to the Defendant's Motion for Summary Judgment. (Doc. No. 15). The Court has now had the opportunity to review the arguments submitted by the Parties, as well as the entire record in this case. Based upon this review, the Court finds, for the reasons set forth herein, that the Defendant's Motion for Summary Judgment should be Granted.

### FACTS

On October 31, 2008, the Plaintiffs, Martin and Laura Wcislak, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. During the progression of their bankruptcy case, the Defendant, the City of Perrysburg, Ohio, sent the Plaintiffs a letter. This letter, dated January 19, 2010, informed the Plaintiffs that, for the 2008 tax-year, they owed the Defendant the sum of $1,223.19 for unpaid taxes, assessed penalties and accrued interest. Based upon this letter, which was sent to the Plaintiffs' home address, the Plaintiffs then commenced this action, alleging that the issuance of the letter constituted a violation of the automatic stay as set forth in 11 U.S.C. § 362(a). (Doc. No. 1).

### DISCUSSION

In the Complaint before the Court, the Plaintiffs, alleging a violation of the automatic stay of 11 U.S.C. § 362(a), seek to recover damages from the Defendant. Pursuant to 28 U.S.C. § 157(b)(2)(G), a determination regarding the applicability of the automatic stay, including a violation thereof, is a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 1334.

Upon the commencement of a bankruptcy case, an automatic stay arises as a matter of law; no formal notice or service of process is required for the stay to have effect. 11 U.S.C. § 362(a); *Smith v. First America Bank, N.A.*, 876 F.2d 524, 526 (6th Cir.1989). The stay is effective against "all entities," including municipalities such as the Defendant, the City of Perrysburg, Ohio. 11 U.S.C. § 362(a), § 101(15) (defining entity to include a "governmental unit."); 11 U.S.C. § 101(27) (defining a "governmental unit" to include "a municipality").

The scope of the stay is broad and will operate to enjoin essentially any act, whether the commencement or continuation thereof, by a creditor to collect on its claim. *In re Dorsey*, 373 B.R. 528 (Bankr.N.D.Ohio 2007). To this end, a letter, such as that sent by the Defendant to the Plaintiffs, which can be construed as seeking payment on a claim, will normally constitute a violation of the automatic stay. Specifically, correspondences of this nature will likely run afoul of the prohibition set forth in § 362(a)(6) which provides that the automatic stay extends to "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]" *See, e.g., In re Goodfellow*, 298 B.R. 358, 362 (Bankr.N.D.Iowa 2003) (collection letters constitute stay violation); *In re Hildreth*,

357 B.R. 650, 654 (Bankr.M.D.Ala.2006) (creditor's continued dunning of debtors was a violation of the automatic stay, § 362(a)(6)). Certain types of acts, however, are expressly excluded from the reach of the automatic stay.

In § 362(b), a number of actions are specified, all of which would have otherwise been stayed by the operation of § 362(a), but which are, for reasons of public policy, expressly excepted from the scope of the automatic stay. Relevant in this matter is § 362(b)(9) which provides, in relevant part:

> (b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—
>
> > (9) under subsection (a), of—
> >
> > > (A) an audit by a governmental unit to determine tax liability;
> > >
> > > (B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;
> > >
> > > (C) a demand for tax returns; or
> > >
> > > (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

This provision, although it does not permit the actual collection of a tax debt, allows a taxing authority to continue pre-collection administrative procedures against a debtor.

In this particular matter, the letter dated January 19, 2010, as sent by the Defendant to the Plaintiffs, begins with this statement: "As a result of auditing or processing your tax return, the amount shown below is due." (Doc. No. 7 Ex. A). This amount, as contained at the bottom of the letter, provided that the Plaintiffs owed, inclusive of penalties and interest, a 2008 tax-year obligation to the Defendant of $1,223.19. *Id.* The letter then goes on to provide:

> To avoid any further penalty and interest, please pay it within the next thirty (30) days. Additional Interest may be charged on any outstanding tax balance. The bill is for unpaid tax due and penalty and interest for failure to pay timely and sufficient quarterly estimates.

*Id.*

■ With no arguments being offered to the contrary, the Court can only conclude that these statements are excluded by § 362(b)(9) from the protections of the automatic stay. Placed in perspective, the above statements, as contained in the January 19, 2010 letter, did nothing more than inform the Plaintiffs that their 2008 tax liability had been assessed and, that as a result of the assessment, they owed an outstanding tax obligation which, until satisfied, would continue to incur interest and penalties. The relay of this information to the Plaintiffs is necessarily protected by subparagraph (D) of § 362(b) as a statement regarding "the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment." There is also no reason to suppose that such statements would not be excluded from the reach of the stay by operation of both § 362(b)(9)(A), as "an audit by a governmental unit to determine tax liability;" and § 362(b)(9)(B), as "the issuance to the debtor by a governmental unit of a notice of tax deficiency."

Pursuant to Federal Rule of Civil Procedure 56(c), as made applicable to this proceeding by Bankruptcy Rule 7056, a party will prevail on a motion for summary judgment when "[t]he pleadings, depositions,

answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). For those reasons set forth in the Decision, the Defendant's Motion for Summary Judgment satisfies this standard.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by the Defendant, the City of Perrysburg, Ohio, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that this adversary proceeding is hereby DISMISSED WITH PREJUDICE.